# Homer & Son *versus* Commonwealth.

1. An Act of Assembly cannot be repealed by non-user. It can be repealed only by express provision of a subsequent law, or by a clause of such subsequent law so positively repugnant to its provisions that the two cannot stand together, or be consistently reconciled.

2. The portion of the Act of August 26, 1721, section 4 (1 Cary & B. L., 157), prohibiting the sale of fireworks in the city of Philadelphia without special license, and imposing a penalty for violation of its provisions, is in force, and has not become obsolete or repealed by subsequent legislation.

3. Statutes which are general in their scope relating to the raising of revenue, by imposing duties or taxes on vendors of merchandise, do not supersede or repeal any special Act or local statute regulating or prohibiting the sale of certain articles, whether such latter Acts be prior or subsequent to the general tax law.

April 4, 1884. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas No. 2, of *Philadelphia county* : Of January Term, 1884, No. 169½.

This case was, in the court below, an appeal from the judgment of a magistrate of the city of Philadelphia. Matthias Homer, Sr., and John Homer, who for years had been trading as M. Homer & Son, engaged in the manufacture and sale of fireworks at No. 47 South Second street, in said city, were arrested, and fined by the magistrate under the fourth section

of the Act passed August 26, 1721, entitled, "An Act for preventing accidents that may happen by fire" (1 Smith's Laws, 129), which provides as follows :

Section 4. "And whereas much mischief may happen by shooting of guns, throwing, casting and firing of squibs, serpents, rockets and other fireworks within the city of Philadelphia, if not specially prevented : *Be it therefore enacted*, that if any person or persons of what sex, age, degree or quality soever, from and after publication hereof, shall fire any gun or other firearms, or shall make or cause to be made, or sell or utter, or offer or expose to sale, any squibs, rockets or other fireworks, or shall cast, throw or fire any squibs, rockets or other fireworks within the city of Philadelphia, without the Governor's special license for the same, of which license due notice shall first be given to the mayor of the said city, such person or persons so offending, and being convicted thereof before any one justice of the peace of the said city, either by confession of the party so offending, or by the view of any of the said justices, or by the oath or affirmation of one or more witnesses, shall for every such offence forfeit and pay the sum of five shillings. One half to the use of the poor of the said city, and the other half to the use of him or them who shall prosecute and cause such offender to be as aforesaid convicted, which forfeitures shall be levied by distress and sale of the offender's goods as aforesaid, and for want of such distress, if the offender refuse to pay said forfeiture, he shall be committed to prison for every such offence the space of two days without bail of mainprise, and if such offender be a negro or Indian slave, he shall, instead of imprisonment, be publicly whipped at the discretion of the magistrate. *Provided*, That such conviction be made within ten days after such offence committed."

On the trial, before FELL, J., the facts were agreed on, in the nature of a case stated, as follows :

"It is admitted that on the 16th day of June, 1881, and at divers others days in the same month, the said defendants, then being merchants and conducting business at 47 South Second street, in the city of Philadelphia, did offer to expose for sale rockets, fire-crackers and other fireworks in their said store.

"That the said defendants had been duly assessed for mercantile tax for the year 1881, and had paid the same to the Commonwealth.

"Upon these facts it is agreed that a verdict be entered against the defendants for the sum of five shillings, subject to the following points reserved to the court, to wit:

[Homer v. Commonwealth.]

"1. Whether section 4 of the Act of Assembly of 26th August, 1721, is still in force.

"2. Whether said section has not become obsolete by reason of subsequent legislation."

Verdict accordingly, subject, &c. The court subsequently entered judgment on the verdict, in favor of the Commonwealth. The defendants took this writ of error, assigning for error the entering of said judgment, and the refusal of the court to enter judgment in favor of the defendants upon the point reserved.

*David W. Sellers* and *Wm. F. Johnson,* for the plaintiffs in error.—It is believed that by common consent, the Act of 1721 is obsolete. Since its passage the entire civil polity has undergone a change. The making and sale of any article of merchandise no longer depends upon the special license of the Governor. Indeed, a careful search made at Harrisburg fails to show that any special license was ever issued by the Governor to make or sell fireworks in Philadelphia.

The right to follow any pursuit in making articles of exchangeable value, has for years rested upon the doctrine that the same is one of the fundamental rights coming into full recognition with the independence of the state. If the tax is paid and the general regulation obeyed, no more is due the state.

By section 44, of the Act of February 2, 1854, (commonly called the Consolidation Act,) it is provided : . . . . . "That the city councils shall have power, by ordinance to extend the operation of laws now in force within the city, police or municipal districts, to other parts, or over the whole of the enlarged limits, and to declare what laws have become *obsolete* by this Act or the extension as aforesaid of other laws." In execution of this power, an ordinance was passed under which William Duane, William B. Hood and Leonard Myers, three gentlemen learned in the law, were appointed to prepare " a digest of the Acts of Assembly relating to the city of Philadelphia and the late incorporated districts of the county of Philadelphia, and of the ordinances of the said city and districts in force on the first day of January, 1856." In their digest the Act in question is reported as *obsolete.* (Page 792.) To this, all justices and magistrates thereafter conformed until the proceeding taken, now under review. Under the belief that such Act was no longer in force, the manufacturers and venders of fireworks were established in all parts of the city, and engaged in their pursuits. This was first controlled by the Act of March 23, 1865, (P. L., 744,) which provided : " That it shall not be lawful for any person or association, or

corporation, to manufacture any species of pyrotechnic or fire-works, cartridges, nor any kind of fixed ammunition in the built-up portions of the city of Philadelphia."

But it is believed, that Act has been superseded by harmonious legislation on the subject of the manufacture and sale of merchandise. The first is the Act of April 2, 1821, (P. L., 244,) which provides that "every person who shall deal in the selling of any goods, wares and merchandise . . . . . except such as are the growth, product or manufacture of the United States . . . . . shall take out from the treasurer of the county a license for the vending such *foreign* merchandise : . . . . in the following form." The next relevant Act is that of April 30, 1841, (P. L., 310,) section 9, provides : " That in lieu of the taxes imposed . . . . . on persons, trades, occupations and professions, there shall be annually assessed and collected " . . . . . (certain named sums.) Section 10 provides : " That from and after the passage of this Act, the several provisions now in force of the Act of . . . . . shall be and the same are hereby extended and applied to all persons engaged in the selling of goods, wares, merchandise, commodities or effects *of whichsoever kind or nature*, and all such sellers or venders shall be classed and required to pay annually, for the use of the Commonwealth, for their respective licenses." . . . . . Here follows a classification into fourteen classes for licenses. Section 5, of an Act of April 16, 1845, (P. L., 533,) provided a special system for Philadelphia, " for the purpose of securing the tax now authorized by law to be assessed on wholesale dealers and retailers of merchandise."

*Charles B. McMichael*, (*Wm. Nelson West* with him), for the defendant in error.—The Act of 1721 was extended by the Act of 9th of February, 1751, throughout the colony: Purdon's Digest, 702, pl. 3. Neither enactment has ever been repealed. These Acts are found in the Digest of the Acts of Assembly relating to the city of Philadelphia, and the late incorporated districts of the county of Philadelphia, and of the ordinances of said city and districts, in force on the first day of January, A. D. 1856. (Page 183.) This digest was compiled and edited under authority of Councils by William Duane, William B. Hood and Leonard Myers. The counsel for the plaintiff in error states in his book that in this compilation, the act in question is marked *obsolete*, but a reference to the book will show, that the statutes are given as existing laws, and it is only in the index on page 792 that the word obsolete is applied to portions of the Act. The reports of the commissioners, W. Rawle, T. J. Wharton and Joel Jones, appointed under the resolutions of March 23, 1830,

[Homer v. Commonwealth]

relative to a revised code of Pennsylvania, do not refer to this statute, but in a collation of the statutes of Pennsylvania by David Derrickson and W. M. Hall, commissioners appointed under joint resolutions of the Senate and House in 1868, we find an enactment recommended to regulate the sale of fireworks, the difference between the Act of 1721 and the proposed Act, being simply that Councils were to give the license, instead of the Governor, and that the penalty was made fifty dollars instead of five shillings. That bill, however, was not enacted. It is to be observed that the Act of 1721 is not prohibitory of the sale of fireworks, it is simply a wise regulation of the sale thereof. It is not an Act to provide revenue to meet the demands on the treasury as the Acts of 1821 and 1841 are, but it is a police regulation. The five shillings penalty is not a tax, but a punishment for the non-compliance with the law regulating the sale of a dangerous commodity.

Subsequent legislation has been passed regulating the manufacture of fireworks. The Act of March 23, 1865, P. L. 744, provides that "It shall not be lawful for any person, or association, or corporation to manufacture any species of pyrotechnic, or fireworks, cartridges, nor any kind of ammunition, in the built up portion of the city of Philadelphia." By the Act of March 12, 1866, P. L., 160, it is provided "That any violation of the Act of February 16, 1865, shall subject the offender or offenders to a fine of fifty dollars for each offence. There is also the Act of Assembly of June 10, 1881, P. L. 111, relative to the sale of fire arms to minors."

It might be well for the legislature to pass an Act regulating the sale of explosives, destructive commodities, or prohibiting entirely such a dangerous traffic in the built up portion of the city, but it has not chosen so to do, and the only safeguards at present are the Act of the 26th of August, 1721, and a city ordinance, approved June 20, 1881.

Mr. Justice TRUNKEY delivered the opinion of the court, October 6, 1884.

Upon the facts admitted and points reserved the real question is, whether or not section 4 of the Act of August 26, 1721, entitled "An Act for preventing accidents that may happen by fire," has been repealed. The purpose of the Act is stated thus:—"Whereas much mischief may happen by shooting of guns, throwing, casting and firing of squibs, serpents, rockets, and other fireworks, within the city of Philadelphia, if not speedily prevented: Be it therefore enacted, &c.," 1 Cary & B. Laws, 157. By the Act of February 9, 1751, provisions similar to those in the Act of 1721, were enacted for all towns and boroughs, not provided for in prior

10 OUTERBRIDGE.—15

statutes, "To the end the provisions already made by our laws for preventing accidents which may happen by fire in the city of Philadelphia and several other boroughs and towns within this province, may be made more generally useful, and to prevent, as much as in us lies, the growing sins of idleness, drunkenness, and other debaucheries, too frequent among us, Be it enacted, &c.," Id., 311.

These statutes for police regulations have not been repealed or supplied by legislation. It was long ago settled that an Act of Parliament cannot be repealed by *non user*. That this is also the rule in this state accords with reason and the absence of authority to the contrary. The settled rule is, that a statute can be repealed only by express provision of a subsequent law, or by necessary implication. To repeal by implication there must be such a positive repugnancy between the new law and the old, that they cannot stand together, or be consistently reconciled. But the fact of *non user* is not in the case—the point is whether the Act has become obsolete or repealed by subsequent enactments.

Slavery and punishment by whipping having been abolished by law, the clause of the Act providing that when the offender is a slave and refuses to pay the forfeiture, he shall be publicly whipped, is necessarily repealed. The Act of March 23, 1865, P. L., 744, makes it unlawful for any person to manufacture any pyrotechnics, fireworks, cartridges or ammunition in the built up part of the city of Philadelphia. Therefore, the Act of 1721 is so far repealed that the license of the governor will not authorize the manufacture of squibs, rockets or other fireworks in the built up parts of the city. Only so far as the later statutes are positively repugnant to the prior do they operate as a repeal.

It is urged that section 44 of the Act of February 2, 1854, P. L., 44, authorizes the city councils to declare what laws have become obsolete by said Act of 1854, and that the councils have declared that the Act of 1721 is obsolete. Whether or not the city councils may annul a statute is not involved in this action, for no ordinance has been shown whereby they attempted to exercise such power.

And it is also urged that the Act of 1721 is superseded by the statutes relating to the raising of revenue by imposing duties or taxes on manufacturers and venders of merchandise. These laws provide for appraisement, license, and collection of the tax. They make no business or sale lawful which was before unlawful—they authorize no manufacture or sale which is prohibited by any other statute. They do not repeal or supersede any special or local statute regulating or prohibiting the sale of spiritous liquors, gunpowder, fireworks, petroleum,

oleomargarine, or other articles of merchandise. Whether the special or local Act which regulates or prohibits the sale of any article of merchandise is prior or subsequent to the general tax law is immaterial, its operation is unaffected by the general statutes for raising revenue.

Judgment affirmed.

Chief Justice MERCUR dissented.