Petition of J. Boyd McHenry, Sheriff, for approval of appointment of Jailer.    Appeal by Commissioners of Columbia County.

*Statutes—Construction—Repeal by nonuser.*

An act of the legislature cannot be repealed by nonuser. A statute can be repealed only by express provision of a subsequent law or by necessary implication. To repeal by implication there must be such posi-. tive repugnancy between the new law and the old that they cannot stand together or be consistently reconciled. Only so far as the later statute is repugnant to the prior, does it operate as a repeal.

*Statutes—Prison keepers—Acts of 1790 and 1860.*

There is no such inconsistency and repugnancy between the 28th section of the Act of April 5, 1790, 2 Sm. L. 539, and the Act of March 31, 1860, P. L. 427, as requires the courts to hold that keepers of jails or prisons may not be appointed in counties, where, in the opinion of the court, suitable prisons have been erected for imprisonment of convicts at labor.

*Appeals—Practice, Superior Court.*

An order of court was made confirming the appointment of a keeper of a county prison, and no appeal being taken to the order within the time allowed by law, the appellate court cannot go behind the order and, upon an inquiry into the facts, treat it as a nullity. So far as the appellate court has authority to determine, the order was valid until it was rescinded, and until that time the keeper was entitled to receive compensation; he is entitled to have the appeal determined by the record proper.

Argued Jan. 12, 1898. Appeal, No. 33, Jan. T., 1898, by commissioners of Columbia Co., from order of Q. S. Columbia Co., Feb. Sess., 1897, No. 29, rescinding order appointing prison keeper, but directing payment of his services from day of appointment. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Petition to rescind confirmation of sheriff's appointment of

keeper of county prison.   Before CRAIG, P. J., of the 43d judicial district, specially presiding.

It appears from the record that on March 1, 1897, on petition of the sheriff of Columbia county setting forth that he had appointed Harry H. Kline jailer and keeper of prisoners confined in the jail of Columbia county, under the act of April 5, 1790, the court approved the appointment and fixed the wages of the appointee at $25.00 a month.   Afterwards, on September 20, 1897, the county commissioners filed a petition asking that so much of the order of court as required the county to pay Harry H. Kline, the sheriff's appointee, $25.00 per month be rescinded, on the ground that section 28 of the act of 1790 has been rendered obsolete.   After hearing had on said petition, the court made the following decree :

" And now, October 26, 1897, after argument and due consideration, the order made by the court of quarter sessions of Columbia county on the 1st of March, 1897, is rescinded; and it is further directed that said Harry H. Kline receive pay from the county of Columbia, for his services under said order at the rate of $25.00 per month, to November 1, 1897 ; and that, thereafter, C. F. Deiterich, the commissioners' appointee, be given access to the jail of said county by the sheriff, for the purposes of his appointment; and that he receive compensation therefor, at the rate of $25.00 per month, from and after the first of November, 1897."

The commissioners of Columbia county appealed.

*Error assigned* was in the following part of the decree of the court that " it is further directed that said Harry H. Kline receive pay from the county of Columbia for his services under said order at the rate of $25.00 per month, to November 1, 1897," the order referred to being the order of March 1, 1897, confirming the sheriff's appointment, and fixing the appointee's wages at $25.00 per month.

*J. B. Robinson*, with him *R. R. Little*, for appellant.—The commissioners had no power to settle demands arising from torts or the wrongful acts of a public officer: Black v. Rempublicam, 1 Yeates, 140.

A public officer claiming compensation must show an act of assembly giving it: Rothrock v. School Dist., 133 Pa. 487.

He cannot claim fees for services rendered for which no compensation is provided by law: Will v. Eberly, 8 Lanc. Bar. 105.

No one but an officer de jure is entitled to the compensation provided by law: Commonwealth v. Slifer, 25 Pa. 23.

Clearly the commissioners would not have the power to use the public moneys in this case against law, and therefore the courts could not compel them to so use them. Even when the statutory compensation be clearly inadequate it cannot be varied at the discretion of the court or the agreement of the parties: Hahn v. Derr, 1 W'r'd. 178.

And if the commissioners had no right to pay a person not authorized by law the courts had no jurisdiction to compel them to do so: Black v. Rempublicam, 1 Yeates, 140.

*Grant Herring*, with him *G. M. Quick*, for appellee.

PER CURIAM, February 19, 1898:

The 28th section of the Act of April 5, 1790, 2 Sm. L. 539, has not been expressly repealed, and it is worthy of notice that it was omitted from the list of statutes and sections of the same act embraced in the repealing section of the Revised Penal Code of Procedure (Act of March 31, 1860, P. L. 427–451).

There was good reason for this. Imprisonment at labor in the county jail or prison for less than a year is still permitted by section 75 of the latter act when in the opinion of the court pronouncing the sentence, suitable prisons have been erected for such confinement and labor. Therefore, the reasons which actuated the legislature in providing for the appointment of keepers of such malefactors, whose duty it was to superintend and direct their labors, have not ceased to exist. As they enacted no substitute for the provision it is fairly to be presumed that they intended to leave it in force. The remark of Lord Bacon, "that, as exceptions strengthen the force of a general law, so enumeration weakens, as to things not enumerated," expresses a principle which often aids, if it does not conclusively control, in determining the intention of the legislature; which, after all, is the thing to be ascertained, whether the question be one of con

struction or of implied repeal. It has even been held that a specific repeal by one statute of a particular section of another raises a clear implication that no further repeal was intended. Probably it is safer to say, that it is strong evidence that no further repeal was intended ; and it is not here contended that the rule is so rigid as to prevent the consideration of other evidence of legislative intent, as, for instance, positive repugnancy or clear inconsistency between the provisions of the later law and those of the earlier. See Endlich's Interpretation of Statutes, secs. 203, 397, 398 and cases there cited. " It was long ago settled that an act of parliament cannot be repealed by nonuser. That this is the rule in this state accords with reason, and the absence of authority to the contrary. The settled rule is, that a statute can be repealed only by express provision of a subsequent law, or by necessary implication. To repeal by implication there must be such a positive repugnancy between the new law and the old, that they cannot stand together, or be consistently reconciled:" Homer v. Commonwealth, 106 Pa. 221. Only so far as the later statute is repugnant to the prior, does it operate as a repeal. There is no such inconsistency or repugnancy between the act of 1860 and the 28th section of the act of 1790 as requires us to hold that keepers of jails or prisons may not be appointed in counties, where, in the opinion of the court, suitable prisons have been erected for imprisonment of convicts at labor.

There was, therefore, authority of law for the order approving the appointment of the keeper, and fixing his compensation if the county prison was suitable for the confinement of prisoners at labor. This was to be determined by the court having jurisdiction to make the order ; and, as an appeal from the order would be a mere substitute for a certiorari, there could be no review of the judgment of the court upon the facts. The proceedings being regular, and the court having jurisdiction of the subject-matter, it must be presumed that it acted according to law. Furthermore, no appeal was taken from the order within the time allowed by law. We cannot now go behind it, and, upon an inquiry into the facts, treat it as nullity. So far as we have authority to determine in this proceeding, the order was valid until it was rescinded, and until that time the keeper was entitled to receive compensation. In other words, the question

whether he was an officer de jure or merely de facto does not arise on this record.

We have not overlooked what the learned judge says in his opinion relative to the facts alleged in the petition of the commissioners to have the order rescinded. Passing the question whether facts can be brought on the record by a recital of them in the opinion, it is to be observed that the record does not show that the appellee had notice of the proceeding to revoke his appointment or that he appeared; and it is not alleged anywhere, that he, or anyone who had authority to speak for him, admitted the facts alleged in the petition. Therefore, he is entitled to have the appeal determined by the record proper, which shows a regular appointment on March 1, 1897, and a qualified rescission of the order on October 26, 1897, which, in effect, left the original order in force, so far as it affected his right to compensation during the period of his actual service. There is no error in this record of which the appellants can justly or legally complain.

The order is affirmed and the appellants are directed to pay the costs.