## Wilkes-Barre *v.* Stewart.

*Statutes—Repeal—Necessary implication.*

A statute can be repealed only by express provision of a subsequent law or by necessary implication.  To repeal by implication there must be such a positive repugnancy between the new law and the old that they cannot stand together or be consistently reconciled.

*Statutes—Repeal—Summary Convictions—Acts of May 4,* 1871, *P. L.* 539, *and April* 17, 1876, *P. L.* 29.

The Act of May 4, 1871, P. L. 539, sec. 14, relating to summary convictions in the city of Wilkes-Barre was repealed by the general act of April 17, 1876, P. L. 29, covering all cases of summary conviction and passed to enforce the provisions of article 5, section 14 of the constitution. An appeal from a summary conviction in the city of Wilkes-Barre must accordingly be taken in accordance with the provisions of the later act, which requires such an appeal to be especially allowed by the court of common pleas.  Lapse of time on part of the plaintiff in moving to strike off such an appeal which had not been specially allowed, can give the appeal no validity.

Argued Jan. 16, 1901.  Appeal No. 18, Jan. T., 1901, by Elizabeth Stewart, from order of C. P. Luzerne Co., June T., 1895, No. 233, making absolute a rule to strike off an appeal in a summary conviction in the case of City of Wilkes-Barre v. Elizabeth Stewart.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Affirmed.

Appeal from summary conviction.

From the record it appeared that the appeal, which was from a summary conviction of the mayor of Wilkes-Barre, had not been specially allowed as provided by the act of April 17, 1876.  The only question involved was whether the act of April 17, 1876, repealed section 14 of the special act of May 4,

348        WILKES-BARRE *v.* STEWART.

Statement of Facts—Opinion of the Court. [16 Pa. Superior Ct.

1871, relating to summary convictions in the city of Wilkes-barre.

The court made absolute the rule to strike off the appeal.

*Error assigned* was in making absolute the rule to strike off the appeal.

*F. P. McGuigan*, with him *B. W. Davis*, for appellant.— The section of the charter referring to appeals has never been repealed by any act of legislation. The only legislation making operative the provisions of the constitution regulating the manner of taking appeals from judgments in summary convictions, fines and penalties was the act of 1876, P. L. 29; but as will be seen by referring to the opinion of GUNNINSON, P. J., in the case of Commonwealth v. Swift Brothers, 17 Pa. C. C. R. 95, the constitutionality of the act is seriously doubted for the reason that the title only refers to summary convictions, while the body of the act embodies a provision regarding appeals from judgments for penalties.

If the appeal in this case is allowed to be stricken from the record, defendant is deprived of her right to trial by jury, and if the court should hold that it was necessary for her to get a special allowance from the court to perfect her appeal, we contend that in her omission to obtain this allowance that her negligence and carelessness were at a minimum, compared with the gross delay on the part of the said city to move to strike off her appeal from the record: Koenig v. Bauer, 57 Pa. 168; Craig v. Barclay, 48 Pa. 202; Shank v. Warfel, 14 S. & R. 205.

*C. F. McHugh*, for appellee.

OPINION BY BEAVER, J., February 14, 1901:

Judgment was entered against the defendant by the mayor of the city of Wilkes-Barre, after a hearing, for the penalty imposed by section 7 of the city ordinances, entitled "Good order and decency," for the sum of $1,000 and costs. Defendant appealed from the judgment entered against her under the provisions of section 14 of the act (to incorporate the city of Wilkes-Barre), of May 4, 1871, P. L. 539. Upon a rule to show cause why the appeal should not be stricken off, the court be-

low, upon argument, made the rule absolute, holding that the act of April 17, 1876, passed to enforce the provisions of article 5, section 14 of the constitution, repealed or rendered inoperative, the law under which the appeal was taken by defendant. The constitutional provision and the legislative enactment to enforce it, above referred to, relate to all cases of summary conviction and suits for a penalty. The act under which the appeal was taken refers only to the city of Wilkes-Barre. Is it repealed by the later act?

" The settled rule is that a statute can be repealed only by express provision of a subsequent law or by necessary implication. To repeal by implication, there must be such a positive repugnancy between the new law and the old that they cannot stand together or be consistently reconciled: " Homer v. Com., 106 Pa. 221; McHenry's Petition, 6 Pa. Superior Ct. 464. Inasmuch as the act of 1876, supra, refers to all cases of summary conviction and suits for penalty, it must of necessity include those arising under the special act of 1871, supra, providing a charter for the city of Wilkes-Barre. The two cannot stand together or be consistently reconciled. It follows, therefore, that the appeal in this case must be regulated by the provisions of the act of 1876, supra; but it provides that, " either party may also appeal from the judgment of a magistrate or a court not of record in a suit for a penalty, to the court of common pleas of the county in which said judgment shall be rendered, upon allowance of said court, or any judge thereof, upon cause shown." This appeal was taken without such an allowance. It was, therefore, irregular and without warrant.

The practice under this act was settled in McGuire et ux. v. Borough of Shenandoah, 109 Pa. 613, and Com. v. McCann, 174 Pa. 19.

As to an allowance of an appeal, see Thompson v. Preston, 5 Pa. Superior Ct. 154.

Lapse of time on the part of the plaintiff in moving to strike off the appeal can give no validity to that which never had any legal authority or existence.

The action of the court below in making absolute the rule to show cause why the appeal should not be stricken off was clearly correct.

Decree affirmed.