# Commonwealth v. Fasnacht.

An appeal from a conviction for profane swearing under the Act of April 22, 1794, lies to the Court of Quarter Sessions who try the appeal without a jury, and not to the Court of Common Pleas, such case being a summary conviction and not a judgment for penalty.

The Act of April 17, 1876, is unconstitutional so far as it relates to appeals to Common Pleas from judgments in suits for penalties.

Appeals of this character being allowed "upon cause shown" should not ordinarily be permitted if the party has had an opportunity to fully and fairly present his case before the Magistrate, unless a doubtful legal question is involved, or there is something to indicate oppression, corruption or disregard of law on the part of the Magistrate or after discovered evidence that would justify a new trial.

If the case is a proper one for the allowance of an appeal but the appeal was taken to the wrong Court, the party might be allowed to perfect his appeal and transfer the case into the proper Court.

PROFANE SWEARING—SUMMARY CONVICTION—APPEAL—PRACTICE—CONSTITUTIONAL LAWS—ACTS OF APRIL 22, 1794,

SECS. 2 & 3 SM. L., 178, AND APRIL 17, 1876, P. L. 29.

Rule to strike off appeal.

No. 133, August Term, 1902, C. P. of Lancaster Co.

B. F. Davis, Esq., for rule.

W. U. Hensel, Esq., contra.

Opinion by LANDIS, J., December 13, 1902.

The Act of April 22, 1794, Sections 2 & 3 Sm. L. 178, provides that "If any person of the age of sixteen years or upwards shall profanely curse or swear by the name of God, Christ, Jesus, or the Holy. Ghost, every person so offending being thereof convicted shall forfeit and pay the sum of sixty-seven cents for each such profane curse or oath." In pursuance, therefore, of this act, an information was filed on July 1st, 1902, before C. N. Derr, Esq., a Justice of the Peace, charging that the defendant had been guilty of using "thirty profane curses" upon that day; and after a hearing duly had, the Justice of the Peace convicted him of "profanely cursing three profane curses," and adjudged him to forfeit for the same the sum of $2.01. He thereupon presented his petition, and permission was granted to take an appeal, and an appeal was then taken by him before John

Commonwealth v. Fasnacht.

F. Ruth, Esq., a Justice of the Peace, with bail absolute for penalty and costs. This appeal was entered in the Court of Common Pleas to the above number and term.

A number of reasons have been assigned why the appeal should be stricken off, the chief of which is that the proceeding being a summary conviction, an appeal only lies to the Court of Quarter Sessions and not to the Court of Common Pleas. Art. 5, Sec. 14, of the Constitution says that "In all cases of summary conviction in this Commonwealth or of judgment in suit for a penalty before a magistrate or Court not of record, either party may appeal to such Court of record as may be prescribed by law upon allowance of the appellate Court or Judge thereof upon cause shown."

In conformity to this constitutional provision the Act of April 17, 1876, P. L. 29 was passed, and by it, it was declared that "In all cases of summary conviction in this Commonwealth before a magistrate or Court not of record, either party may within five days after such conviction appeal to the Court of Quarter Sessions of the County in which such magistrate shall reside or Court not of record shall be held, upon allowance of the said Court of Quarter Sessions or any judge thereof upon cause shown." It was, therefore, held in Commonwealth v. Forrest, 3 Dist Rep. 797, than an appeal from a summary conviction before a Justice of the Peace is to the Quarter Sessions, and in Commonwealth v. Waldman, 140 Pa. 89, that a defendant has no right to have such an appeal tried by a jury, but that the trial is by the Court as in surety of the peace, desertion and similar cases. See also Commonwealth v. Johnson, 16 W. N. C. 349. It seems to us that this case is clearly one which falls under the head of summary convictions, and not of the class mentioned in the Constitution as judgments for penalties, and that an appeal should, therefore, have been taken to the Quarter Sessions.

But even supposing it to be a suit for a penalty, we are persuaded it is not sustainable. It will be observed that the Constitution provides for two separate and distinct classes, sum-

mary convictions and judgments, in suits for penalties, and the appeal is to be to such Court of record as may be prescribed by law. The Act of 1876 is entitled "An Act relating to appeals in cases of summary convictions." Its provisions which relate to summary convictions are pertinent to the subject contained in its title, but it will be observed that that title covers but one particular subject. It was, for this reason held by Craig, P. J., in Borough of Mauch Chunk v. Betzler, 6 D. R. 330, in a very satisfactory opinion, that this act was unconstitutional so far as the same related to appeals to the Common Pleas from judgments in suits for penalties, in that it offended against Sec. 3 Art. 3, of the Constitution, which direct "That no bill except general appropriation bills, shall be passed, containing more than one subject, which shall be clearly expressed in its title." Although the Act has been frequently considered in the Courts, this seems to have been the first time that its constitutionality was squarely passed upon. It was, however, gravely doubted by Gunnison, P. J., in Commonwealth v. Swift Brothers, 17 C. C. Rep., 95. We are disposed to concur in this view, and are convinced by the reasoning of these learned judges, that only that portion of the act, which relates to summary conviction, is in force.

We might perhaps, have allowed this appeal to be perfected (see Com. v. Swift Brothers, Supra), and thus have had it transferred into the proper Court, in order that the defendant's rights might not be prejudiced. We would feel constrained to do so, but for the fact that a full examination of the transcript has led us to believe that we ought not to have granted it in the first instance. It will be observed that appeals of this character are to be allowed upon "cause shown," and it has been decided that ordinarily they should not be permitted if the party has had an opportunity to fully and fairly present his case before a magistrate, unless a doubtful, legal question is involved, or there is something to indicate oppression, corruption or disregard of law on the part of the magistrate, or of after discovered evidence,

that would justify a new trial, under the well known rules relating to trials for that cause. Thompson v. Preston, 5 Sup. 154; Commonwealth v. Hendley, 7 Sup. 356; Wilkes-Barre v. Stewart, 16 Sup. 347; McGuire v. Borough of Shenandoah, 109 Pa. 613; Commonwealth v. McCann, 174 Pa. 19. Their allowance is discretionary with the Court or Judge thereof, and it is not well to lay down any hard and fast rules upon the subject. Many cases arise, in which the ends of Justice would seem to demand an exercise of the right to dispense with too strict a construction of the above rules, and particularly is this so if magistrates become advocates as well as judges, which is sometimes the case. A review, however, of this record shows no such situation. The testimony was taken by the Justice, and the defendant was given ample opportunity to be heard, but he positively refused to avail himself of that privilege. The testimony, as presented, was sufficient to warrant a conviction, and upon an appeal being demanded, it should have been made clear that he had not had a fair hearing before the Justice. We do not think that such has been the case, and under the same facts the same results would necessarily follow. For these reasons we think it proper to make the rule absolute and quash the appeal.

Appeal quashed.

From Lancaster Law Review,
Lancaster, Pa