# Commonwealth, Appellant, *v.* Kephart.

*Justice of the peace—Appeals—Summary conviction—Acts of April* 17, *1876, P. L. 29, and June* 1, *1907, P. L. 386—Constitutional law—Title of act.*

1. Under the Acts of April 17, 1876, P. L. 29, and June 1, 1907, P. L. 386, a defendant against whom a justice of the peace has imposed a fine in a summary conviction proceeding under the Act of June 1, 1907, P. L. 386, is entitled to take an appeal, if such is allowed by a judge of the court of common pleas.

2. The Act of April 17, 1876, P. L. 29, is sufficient in title, and is constitutional.

Argued Oct. 30, 1908. Appeal, No. 173, Oct. T., 1908, by plaintiff, from judgment of C. P. Blair Co., Oct. T., 1907, No. 179, reversing judgment of justice of the peace in case of Commonwealth v. C. M. Kephart. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Appeal from summary conviction.  Before BELL, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was judgment reversing judgment of the justice of the peace.

*J. D. Hicks*, with him *A. H. Woodward*, for appellant.—The constitutional provision providing for appeals, carries the clear and well-defined distinctions existing between summary convictions and suits for penalties.  The constitutionality of the act of assembly of 1876 so far as we have been able to find had not been passed upon by the appellate courts.  The act has been decided unconstitutional by the common pleas: Mauch Chunk Borough v. Betzler, 19 Pa. C. C. Rep. 27; 6 Pa. Dist. Rep. 330; Lehighton Borough v. Roth, 21 Pa. C. C. Rep. 63; 7 Pa. Dist. Rep. 426.

Both the constitution and the act of 1876, provide for an appeal upon allowance by the court for cause shown.  The cause for which an appeal should be allowed is stated in Thompson v. Preston, 5 Pa. Superior Ct. 154; Com. v. Hendley, 7 Pa. Superior Ct. 356; McGuire v. Shenandoah, 109 Pa. 613; Com. v. Eichenberg, 140 Pa. 158; Com. v. Menjou, 174 Pa. 25.

We contend that an appeal should never be allowed unless after notice and hearing; that the petition for the appeal ought to be accompanied by a copy of the record of the magistrate, and above all that the petition for an appeal ought to allege or show upon its face some actual and sufficient reason for the appeal.

*George H. Calvert*, with him *Samuel M. Clement, Jr., W. Frank Vaugh* and *Donald Thompson*, for appellee.—The defendant had a right to appeal: Com. v. Luckey, 31 Pa. Superior Ct. 441; New Brighton Borough v. Biddell, 14 Pa. Superior Ct. 207; Smith Woolen Machinery Co. v. Browne, 206 Pa. 543; McGuire v. Shenandoah, 109 Pa. 613; Com. v. Eichenberg, 140 Pa. 158; Com. v. McCann, 174 Pa. 19; Com. v. Menjou, 174 Pa. 25; Thompson v. Preston, 5 Pa. Superior Ct. 154; Com. v. Hendley, 7 Pa. Superior Ct. 356; Com. v. Ralston, 29 Pa. Superior Ct.

426; Com. v. Yocum, 29 Pa. Superior Ct. 428; Wilkes-Barre v. Stewart, 16 Pa. Superior Ct. 347.

The Act of 1876, P. L. 29, is constitutional: Com. v. Hospital, 198 Pa. 270; Com. v. Davison, 11 Pa. Superior Ct. 130.

While we do not find that the validity of the act has ever been directly passed upon, the granting of an appeal under its terms has been approved by this court in a number of cases, which is an implied approval of its validity: Gregg's License, 36 Pa. Superior Ct. 633; Com. v. Arow, 32 Pa. Superior Ct. 1; Com. v. Kevin, 202 Pa. 23.

The allowance of the appeal by the court below was proper and was not an abuse of judicial discretion: Thompson v. Preston, 5 Pa. Superior Ct. 154; Com. v. Hendley, 7 Pa. Superior Ct. 356; Com. v. Johnson, 16 W. N. C. 349.

Opinion by Head, J., July 14, 1909:

This case was argued with Com. v. Dougherty, ante, p. 338. The main questions involved in both cases were identical. It is unnecessary, therefore, to repeat here what was stated at some length in the opinion in the former case. For the reasons there given, we must affirm the judgment entered by the learned court below unless we are impelled to a different conclusion by a consideration of the single question raised in this case which did not appear in the former one.

In this case the commonwealth asserts that there is no law which allows an appeal to a defendant upon whom a magistrate has imposed the fine provided for in the ninth section of the Act of June 1, 1907, P. L. 386. This conclusion is urged upon us notwithstanding the fact that the appeal was specially allowed by the court of common pleas of Blair county upon an application therefor by the defendant.

The constitution of 1874, art. V, sec. 14, declares: "In all cases of summary conviction in this commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court, or judge thereof, upon cause shown." Whilst it is agreed that this provision of the constitution was not self-executing, it ought to

be clear that any act of the legislature, purporting to allow the appeal thus contemplated in the fundamental law, should receive a liberal construction.

The ninth section of the act of 1907 already referred to, which imposes the penalty the commonwealth here seeks to enforce, contains the following provision: "And no appeal shall be allowed from any judgment rendered in such case except upon special allowance of the court of common pleas," etc.  If the legislature did not intend that a defendant, upon whom the fine mentioned in the earlier part of that section had been imposed, should have the right of appeal to the court of common pleas after an allowance had been obtained, it is difficult to see why the language quoted was used.  We may concede that the right to have an appeal upon allowance could have been declared in more direct and positive language.  But it would be, we think, a harsh and narrow construction of the words employed, to hold that no appeal was contemplated by the legislature, and that the judgment of the subordinate magistrate imposing the fine was final and conclusive.

The appellee in this case further contends that even if there could be any doubt that the right of appeal is conferred by the act of 1907, such right exists under the Act of April 17, 1876, P. L. 29.  It cannot be doubted that this act was passed for the purpose of carrying into effect the constitutional provision already quoted.  The commonwealth concedes that this act, if valid, would confer upon the defendant in this case the right to an appeal upon allowance by the court of common pleas.  It urges upon us, however, the proposition that the act of 1876, in so far at least as it undertakes to confer the right of appeal from the judgment of a magistrate in a suit for a penalty, is unconstitutional, because the title of the act is not sufficiently broad to warrant such an enactment.

This act has remained upon our statute books for considerably more than a quarter of a century.  In a multitude of cases it has been reviewed by the Supreme Court and this court, and appeals in actions like the present one have been heard and determined, and neither the courts nor the profession have heretofore seemed to regard as questionable the right of a de-

fendant in such cases to have his appeal.   It will be sufficient to mention McGuire v. Shenandoah, 109 Pa. 613; Com. v. Eichenberg, 140 Pa. 158; Com. v. McCann, 174 Pa. 19; Com. v. Menjou, 174 Pa. 25; Thompson v. Preston, 5 Pa. Superior Ct. 154.

In Com. v. McCann, 174 Pa. 19, Mr. Justice WILLIAMS said: "The act of 1876 which was passed to carry this provision into effect prescribed the court of quarter sessions as the court of record into which all appeals from summary convictions should be taken, after an allowance; and the court of common pleas as the court of record into which all appeals from the judgment of a magistrate or court not of record in a suit for a penalty should be taken 'upon allowance of said court or any judge thereof upon cause shown.  . . .' The language employed in this statute, like that of the constitutional provision to which it relates, is general.   It embraces all appeals from judgments for penalties or of summary conviction rendered by magistrates or courts not of record in this commonwealth."

In Com. v. Menjou, supra, the same learned justice speaking for the court said: "There can be no question of the power of the court of common pleas or any judge thereof to allow an appeal from a judgment rendered by a magistrate, or court not of record, for a penalty."

We are unable, therefore, in the light of the settled practice declared by our highest courts, and acquiesced in by the profession for such a long period of time, to adopt the conclusion urged upon us by the learned counsel for the commonwealth. We hold, therefore, that the learned court of common pleas was invested with the power to allow an appeal to the defendant in this case, and for the reasons heretofore given in Com. v. Dougherty, ante, p. 338, we are satisfied that the appeal was properly disposed of in the reversal of the judgment of the magistrate.   In thus affirming the judgment of the learned court below, we are not to be understood as agreeing with his conclusion that the entire act of 1907 must be stricken down as an unconstitutional piece of legislation.   On the contrary, we adhere to the conclusion heretofore announced that only the fifth subsection or paragraph of sec. 5 of that act is void.

Judgment affirmed.