## Commonwealth v. Charlton

*Warren S. Burchinall*, district attorney, and *Moore & Gourley*, for Commonwealth.

*D. M. Cummins*, for defendant.

BROWNSON, P. J., Jaunary 27, 1934.—The defendant was summarily convicted before an alderman of the offense of cruelty to animals, as created and defined by the Act of March 29, 1869, P. L. 22. Upon a petition filed, an appeal from this conviction was allowed by the court, and the same has been duly filed. The Commonwealth now moves to quash the appeal, for the reason that the Act of 1869 contains a proviso the effect of which is to restrict the right of appeal in proceedings under that act to cases in which the fine imposed exceeds the sum of $10, and the fine in this instance does not exceed that sum.

The Commonwealth relies upon the case of Commonwealth v. Zurn, 7 D. & C.

277, in support of the motion. In that case, the defendant was convicted under the Act of 1869 and was fined $10. He took an appeal without obtaining an allocatur. A motion was made to strike off the appeal for two reasons: (1) The absence of an allocatur; and (2) the fine was not in excess of $10. The court struck off the appeal, and the order to that effect was clearly right, because the appeal had not been allowed. But the opinion, as I understand it, sustained both the reasons assigned for the motion, and they appear to be mutually inconsistent, because as it seems to me, the Constitution and Act of 1876, quoted below, either govern the case wholly and for all purposes or not at all. The first of those reasons was grounded upon section 14 of article v of the Constitution, and the Act of April 17, 1876, P. L. 29, passed to carry it into effect, both of which require that in all cases an appeal from a summary conviction must be allowed by the court or a judge thereof. The Act of 1869 itself had granted the right to appeal, where the fine exceeds $10, without requiring any allocatur. As to the second ground, the court says, at page 279, that "to allow an appeal when the fine is $10 or less would violate the plain words of the act [of 1869.]" This statement overlooks the effect of appellate court decisions declaring the effect of the constitutional and statutory regulations adopted since the Act of 1869.

The constitutional provision is: "In all cases of summary conviction in this commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court or judge thereof upon cause shown."

The Act of April 17, 1876, P. L. 29, as finally amended by the Act of April 1, 1925, P. L. 98, provides: "That in all cases of summary conviction in this Commonwealth, before a magistrate or court not of record, either party, even though any fine imposed has already been paid, may, within five days after such conviction, appeal to the court of quarter sessions . . . upon allowance of the said court of quarter sessions, or any judge thereof, upon cause shown; . . ."

Then follows a similar provision for an appeal to the common pleas in penal actions. Several lower court cases held the clause relating to appeals in penal actions to be unconstitutional, on the ground that the title of the act was not broad enough to cover it, but the Superior Court has overruled that position and held the entire act to be valid: Wilkes-Barre v. Stewart, 16 Pa. Superior Ct. 347; Commonwealth v. Kephart, 39 Pa. Superior Ct. 524; and there are several cases in which the Supreme Court has, without discussion of the point, treated that clause as valid, as, e. g., Commonwealth, etc., v. McCann, 174 Pa. 19. Therefore all the cases which declare the scope and effect of the constitutional provision and the Act of 1876 are relevant and pertinent, irrespective of the particular clause under which they arose.

The language of the Constitution and the Act of 1876 is so plain, explicit, and unambiguous as to be incapable of being interpreted in any way other than as giving a right to an appeal in *every* case of summary conviction or judgment in a penal action, provided an allocatur be given by the proper court or judge: Commonwealth, etc., v. McCann et al., 174 Pa. 19, 22, 23; but we have authorities declaring this to be the effect thereof.

The Constitution and the Act of 1876 were intended to apply to appeals in all cases of judgments for penalties or summary convictions, irrespective of whether, in the particular case, an appeal was or was not allowed under previously existing laws, their purpose being to establish a new, "uniform system applicable to all cases in the same manner, to take the place of the unequal and

illogical system that had previously prevailed": Commonwealth v. McCann, supra. They had the effect of "enlarging the right of appeal": Commonwealth v. Levine, 36 Pa. Superior Ct. 188, 192; Commonwealth v. MacDonald, 94 Pa. Superior Ct. 486, 489. Even though the act under which the proceeding was instituted did not give a right of appeal, their effect is to confer such right, provided an allocatur be secured: Commonwealth v. Kephart, 39 Pa. Superior Ct. 524, 527. And so far has the doctrine of Commonwealth, etc., v. McCann et al., supra, that the purpose of the Constitution and the Act of 1876 was to establish a uniform and exclusive system, been carried, that it was held that they had the effect of repealing and superseding provisions regulating appeals from summary convictions contained in the special Act of May 4, 1871, P. L. 539, incorporating the City of Wilkes-Barre, the court saying: "Inasmuch as the Act of 1876, supra, refers to all cases of summary conviction and suits for penalty, it must of necessity include those arising under the special Act of 1871, supra, providing a charter for the city of Wilkes-Barre. The two cannot stand together or be consistently reconciled. It follows, therefore, that the appeal in this case must be regulated by the provisions of the Act of 1876"; and that appeal was stricken off, because taken in accordance with the Act of 1871 and not in accordance with that of 1876: Wilkes-Barre v. Stewart, 16 Pa. Superior Ct. 347.

I think it is clear that, as the effect of the Constitution and the Act of 1876, the rights of a defendant prosecuted under the Act of 1869 with respect to an appeal, have been modified in two particulars: (a) They have been restricted in that the right (where the fine exceeds $10) to take an appeal without an allocatur has been taken away; and (b) they have been extended in that the restriction of appeals to cases in which the fine exceeds $10 has been abrogated.

And now, January 27, 1934, the motion to quash the appeal is overruled and dismissed.                    From Harry D. Hamilto Washington, Pa.