## Commonwealth v. Kline

*F. J. Docktor*, assistant district attorney, for Commonwealth.

*D. M. Anderson*, for defendant.

*David H. Weiner*, for Reba De Stefano.

HUGHES, P. J., March 8, 1941.—On August 21, 1940, a grand jury indicted Mary Powstanski Kline, charging that she, "being the owner, proprietor, or keeper of a tavern, restaurant, eating house or place known as the Magic City Grill, located at 614 McKean Avenue, in the Borough of Charleroi, Washington County, where intoxicating liquors were sold, did then and there unlawfully employ or permit the employment of a certain female person, to wit, one Reba De Stefano, in the said tavern, restaurant, eating house or place to sell, vend, offer, pro-

cure, furnish or distribute intoxicating drinks and admixtures thereof, ale, beer, wine or other liquors to numerous persons . . . contrary to the act of assembly."

This indictment is drawn under the Act of March 28, 1878, P. L. 9, which makes it a misdemeanor, and which act reads in part as follows:

"Section 1. *Be it enacted, &c.,* That it shall not be lawful for any owner, proprietor, keeper or agent of any hotel, tavern, saloon or eating house, or other places where intoxicating liquors are sold, to employ or permit the employment of any female at any such hotel, tavern, saloon or eating house, to sell, vend, offer, procure, furnish or distribute any intoxicating drinks, or any admixture thereof, ale, beer, wine or cider, to any person or persons, or to employ any female as lady conversationalist, or for the purpose of attracting persons to such places, or to permit the assembling of females at such places, as aforesaid, for the purpose of enticing customers, or making assignations for improper purposes; nor shall it be lawful for any female, not having a license, as permitted by the laws of this commonwealth, for the sale of intoxicating liquors, to sell at any hotel, tavern, eating house or saloon, offer, procure, furnish or distribute any intoxicating drinks, or any admixture thereof, ale, beer, wine or cider, to any person or person . . ."

The title of this act reads:

"An act relative to the employment of females in hotels, taverns, saloons and eating houses, or other places for the sale of intoxicating and other drinks, and the penalty for the violation thereof."

It is apparent that the purpose of this act is primarily related to the employment of females and is not intended as an act to regulate the dispensing of liquors. We have examined the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended by the Act of July 18, 1935, P. L. 1246, and as reënacted and further amended by the Act of June 16, 1937, P. L. 1762, and we find in none of these acts, all of which acts are passed

for the control and regulation of alcoholic and malt beverages, any specific repeal of the Act of 1878, supra. It is argued that the clause in those acts which reads "All other acts and parts of acts, including special or local acts, inconsistent herewith are hereby repealed", is sufficient to work the repeal of the Act of 1878.

It is the claim of defendant that, since the Pennsylvania Liquor Control Act of 1933, supra, as amended, comprehends a complete system for the control of liquor within the Commonwealth of Pennsylvania and repeals all acts inconsistent with it, the Act of 1878 is inconsistent and is repealed by implication.

"In order to constitute a repeal of a statute by implication, such later act must not only refer to the same subject, and also have the same object in view as the earlier, but it must cover the whole subject matter of the same": Endlich on the Interpretation of Statutes, pp. 320-321, section 241.

"The repeal of statutes by implication is not favored, and, unless a statute is repealed in express terms, the presumption is always against an intention to repeal if there is not an irreconcilable repugnancy between the provisions of the two acts. It is a well recognized principle of statutory construction that a merely affirmative statute shall not be held to repeal a previous one, if by fair and reasonable construction both can stand consistently together: Homer & Son v. Commonwealth, 106 Pa. 221, 226; Rodenbaugh v. Philadelphia Traction Co., 190 Pa. 358, 361. The legislative intent is the vital force of an act of assembly, and even if a subsequent statute, taken strictly and grammatically, is contrariant to a previous statute, yet if, at the same time, the intention of the legislature is apparent that the previous statute shall not be repealed, it remains unaffected by the subsequent one: Craies, Stat. Law, 311. In Sifred v. Commonwealth, 104 Pa. 179, 181, we said: 'The leaning of the courts is strong against repealing the positive provisions of a former statute by construction. The more natural, if not

necessary, inference in all such cases is, that the legislature intends the new law to be auxiliary to, and in aid of the purposes of, the old law. There should therefore be such a manifest and total repugnancy in the provisions of the new law as to lead to the conclusion that the latter law abrogated, and was designed to abrogate, the former.' It is a cardinal rule of construction in ascertaining the legislative intent in the enactment of a statute that where an act repeals a prior act, or certain sections of a prior act, all other prior act or sections of the act must be regarded as still in force under the maxim expressio unius est exclusio alterius. Broom, Legal Maxims, 8th Eng. Ed., 514, says that no maxim of the law is of more general and uniform application; and that it is never more applicable than in the construction and interpretation of statutes": Provident Life & Trust Co. v. Klemmer et al., 257 Pa. 91, 100-101.

There is no provision in the Act of 1933, or its amendments, that deals in any way with the employment of women in or about establishments where liquor is dispensed or sold, nor does the title of the act give any indication of intention to deal with that subject. There is nothing repugnant or inconsistent with the regulations laid down by the Act of 1878, and those of the Act of 1933, and its amendments. In fact, they can both be construed in harmony and as consistent with one another.

"We do not question the principle that a subsequent statute revising the whole subject of a former statute, and evidently intended as a substitute for it, although it contains no express words to that effect, operates to repeal the former statute, as pointed out in Fort Pitt B. & L. Assn. v. Model Plan B. & L. Assn., 159 Pa. 308. This rule of law applies only when the subsequent statute provides a complete and comprehensive method for doing what was provided for in the prior statute, and the two methods are exclusive and cannot be harmonized": In re Appointment of Visitors to the Allegheny County Home, 109 Pa. Superior Ct. 519, 523, 524.

"It is well settled, that the leaning of all courts is strongly against repealing the positive provisions of a former statute by construction. There must be such a manifest and total repugnance that the two enactments cannot both stand. It is not enough that there is a discrepancy between different parts of a system of legislation on the same general subject; there must be a conflict between different acts on the same specific subject. An earlier statute is repealed only in those particulars wherein it is clearly inconsistent and irreconcilable with the later enactment": Commonwealth ex rel. v. DeCamp, 177 Pa. 112, 116, 117; Schuylkill Haven Borough v. Trinity Church, 62 Pa. Superior Ct. 413.

These decisions accord with the provisions of the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 63, 46 PS §563, and art. VII, sec. 91, 46 PS §591.

We, therefore, conclude that the Act of March 28, 1878, P. L. 9, is still in full force and effect and that, this indictment being properly drawn under that act, defendant's motion to quash should be overruled.

And now, March 8, 1941, defendant's motion to quash the indictment is overruled.