## Knup, Appellant, v. Philadelphia.

Argued October 1, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Edmund B. Spaeth, Jr.* with him *MacCoy, Evans & Lewis,* for appellants.

*James L. Stern,* Deputy City Solicitor, with him *Gordon Cavanaugh,* Assistant City Solicitor, and *David Berger,* City Solicitor, for City of Philadelphia, appellee.

*Samuel H. Landy,* with him *Martin J. Vegderman* and *Freedman, Landy, & Lorry,* for intervening defendants, appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, November 12, 1956:

This is an appeal by plaintiffs from a decree of the court below sustaining defendants' preliminary objections and dismissing plaintiffs' complaint in equity for lack of jurisdiction.

Plaintiffs' bill sought an injunction to restrain the City of Philadelphia from issuing any permit under the terms of an ordinance of December 29, 1955, which re-

zoned a certain tract of land from class "A Residential" to class "H-2 Residential." The tract affected by the ordinance adjoins or is in the immediate vicinity of plaintiffs' properties. The bill averred that the ordinance would permit the owners to erect apartment buildings on their land and that it was invalid for several reasons.

One reason was that the construction of such buildings would constitute a nuisance. As to this the court pointed out that equity could not take jurisdiction to enjoin the erection of an apartment house as a nuisance per se, and plaintiffs admit in their brief that the court was right in so holding.

Another reason was that the ordinance violated the Act of May 6, 1929, P.L. 1551, section 3, which provided that zoning regulations should be designed to lessen traffic congestion and overcrowding, reduce fire hazards, and for other beneficial purposes, whereas it was alleged that this ordinance, so far from accomplishing those results, would aggravate the evils which the act intended should be eliminated; it was also charged that the ordinance was invalid as constituting "spot" zoning.

Another alleged reason was that the attempt to impose the re-zoning under the ordinance would be in violation of plaintiffs' rights under the Constitution of the Commonwealth of Pennsylvania and the 14th Amendment of the Constitution of the United States.

Finally, it was charged that the ordinance was invalid because it was not enacted, as it was claimed it should have been, by the vote of three-fourths of all the members of the Council of the City of Philadelphia.

The controlling question in the case is whether a bill in equity will lie to challenge the validity of a zoning ordinance or whether such an attack must await the

application to the zoning authorities for a permit and follow the subsequent procedure prescribed by statute through the Zoning Board of Adjustment and thence by appeal to the court.

The answer to the question thus posed has been answered, as the court below properly held, by an unbroken line of authorities which have firmly established the applicable rule. In the first place, it is hornbook law that equity will not act where, as here, there is an adequate remedy at law. In the second place, it is equally well established that a court will take jurisdiction only in a case in which a challenged statute, ordinance, or rule of court has been actually applied to a litigant; it does not undertake to decide academically the unconstitutionality or other alleged invalidity of legislation until it is brought into operation so as to impinge upon the rights of some person or persons.[1]  In the third place, where, as here, a remedy or method of procedure is provided by an act of assembly, the directions of such act must be strictly pursued and, under the Act of March 21, 1806, 4 Sm. L. 326, §13, such remedy or procedure is exclusive.

In *Taylor v. Moore,* 303 Pa. 469, 154 A. 799, where a property owner, claiming that a zoning ordinance was invalid because of vagueness and indefiniteness, peti-

---

[1] Although there are many cases in which bills in equity have been sustained to restrain the collection of taxes under invalid laws, or where a property is exempt from such taxation, in all such cases the action was instituted only after the tax had actually been assessed against the property in question. Examples: *American Sunday School Union v. City of Philadelphia,* 161 Pa. 307, 29 A. 26; *Arthur v. Polk Borough School District,* 164 Pa. 410, 30 A. 299; *Dougherty, Trustee v. Philadelphia,* 314 Pa. 298, 171 A. 583; *Lawrence Township School District Tax Case,* 362 Pa. 377, 67 A. 2d 372; *Jamison Coal & Coke Company v. Unity Township School District,* 362 Pa. 389, 66 A. 2d 759.

tioned for a mandamus against the zoning officials instead of following the procedure prescribed in the applicable Zoning Act, the court stated that all questions involved in zoning ordinances must be heard and considered by the Board of Adjustment, and, on appeal from that body, by the court, and that the remedy thus provided was exclusive. It pointed out that the Act of 1806 applied to the functioning of all administrative tribunals where special remedies were provided by statute, as, for example, in the tax assessments of properties, in cases under all public service acts, and under the workmen's compensation law. The court further pointed out that in all cases which had come before it—and it enumerated a large number of them—questions bearing on the constitutionality or validity of a zoning act or ordinance had come only through the procedure and in pursuance of the remedy provided in the act of assembly governing zoning.

In *Hollearn v. Silverman*, 338 Pa. 346, 12 A. 2d 292, where a bill in equity which attacked a zoning ordinance as void and of no legal effect was dismissed, the court, per Mr. Justice LINN, said (p. 350, A. pp. 293, 294): "Generally, equity will not take jurisdiction to enjoin the enforcement of an ordinance merely because it might be condemned as void; other circumstances bringing the case under some acknowledged head of equity jurisdiction must be shown". (citing cases)

In *Wojnar v. Yale & Towne Manufacturing Co., Inc.*, 348 Pa. 595, 36 A. 2d 321, where the complaint was that a zoning classification was arbitrary and unreasonable, the court held that the remedy was through the Zoning Board of Adjustment, and the familiar pronouncement was repeated that where a statutory remedy is provided the directions of the statute must be strictly pursued and that such remedy and procedure are exclusive.

In *Castle Shannon Coal Corporation v. Upper St. Clair Township*, 370 Pa. 211, 88 A. 2d 56, where a property owner filed a petition for a declaratory judgment to determine the validity of a zoning ordinance of the township, the court held that such form of remedy was not available in the face of an act providing specific remedies and procedure for testing the validity of zoning ordinances.

In *Wyszynski v. Philadelphia*, 370 Pa. 632, 89 A. 2d 355, it was held that a bill in equity would not lie to enjoin the enforcement of an order of the Bureau of Engineering, Surveys and Zoning, because the Zoning Act afforded complete statutory procedure and remedies, and therefore such procedure and remedies were exclusive.

In *Oleri Appeal*, 372 Pa. 557, 94 A. 2d 772, a bill in equity was dismissed because it sought to overrule a decision of the Zoning Board. The court said (p. 561, A. p. 773) that "Since the statutory procedure for appeal from a decision of the Zoning Board was not followed, the court was without jurisdiction to entertain the bill in equity", and that "When a statutory remedy has been provided, each step in the proceeding can be taken only as the legislature has prescribed". It was further held that even though the parties stipulated that the court could act on the bill, this was unavailing because jurisdiction could not be conferred by consent or waiver.

In *Shender v. Philadelphia*, 375 Pa. 596, 101 A. 2d 667, it was held that a property owner may not sue in equity to have a zoning ordinance declared invalid since all questions concerning such an ordinance must be considered and determined in accordance with the exclusive legal remedy provided by the zoning statute.

In *Jacobs v. Fetzer*, 381 Pa. 262, 112 A. 2d 356, it was held that a court of equity does not have jurisdiction to decide whether a property was zoned discriminato-

rily and whether a zoning ordinance was unconstitutional in its classification of a particular property. The court said (pp. 267, 268, A. p. 358): "If, however, a property owner desires to test the constitutionality or validity otherwise of zoning regulations, application to the Board of Adjustment, in the first instance, for relief, followed by an appeal to the common pleas from the Board's denial of relief, is the means for raising legal questions for judicial determination."

In *Barth v. Gorson*, 383 Pa. 611, 119 A. 2d 309, it was held that a bill in equity would not lie for the purpose of attacking the constitutionality of a re-zoning ordinance and its alleged discriminatory classification of properties for zoning purposes, but that the statutory procedure in such a case must be strictly pursued and exclusively applied. It was further held that the complaint that the ordinance would constitute a danger upon the highways, cause greater inadequacy of transportation facilities, and was objectionable in other respects, did not warrant an assumption of jurisdiction by a court of equity. This decision was followed in the succeeding case of *Seiffert v. Maeder*, 383 Pa. 617, 119 A. 2d 513.

In *Lewis v. Emmott*, 385 Pa. 336, 122 A. 2d 727, it was held that mandamus proceedings would not lie because it was clear that the action involved a zoning question. The court reiterated the language of the opinion in the *Jacobs v. Fetzer* case above quoted.

In *Commonwealth v. DeBaldo*, 169 Pa. Superior Ct. 363, 82 A. 2d 578, which involved an attack on the constitutionality of an ordinance, it was held that all questions involved in zoning ordinances, whether they relate to confiscation of property or to the effect of any of the provisions of an ordinance, must be heard and considered under the remedy provided by the Zoning Act.

In *Vogt v. Port Vue Borough,* 170 Pa. Superior Ct. 526, 85 A. 2d 688, it was held that plaintiff's proper procedure was not by bill in equity for an injunction to restrain defendants from preventing construction of a gasoline service station but that resort must be had to the Zoning Board of Adjustment and thence to the court of common pleas, it being again emphasized that where the law provides a statutory remedy or method of procedure the directions of such statute or act must be strictly followed and that, under the Act of 1806, such remedy or procedure is exclusive.

Plaintiffs rely upon three cases where procedure by bill in equity in a zoning matter was seemingly tolerated. One is the case of *Fierst v. William Penn Memorial Corporation,* 311 Pa. 263, 166 A. 761. Not only was the question not raised there, but the zoning ordinance involved had been enacted but a very short time before the suit was instituted and apparently a zoning board of appeals had not as yet come into actual existence. The second is the case of *Kline v. Harrisburg,* 362 Pa. 438, 68 A. 2d 182. There it likewise appears in the court's opinion (p. 446, A. p. 186) that a zoning Board of Appeals did not exist at the time the complaint in equity was filed. The third is the case of *Kelly v. Philadelphia,* 382 Pa. 459, 115 A. 2d 238, where the court approved the issuance of an injunction to prevent the construction and operation of an incinerator on the ground that the zoning ordinance authorizing the erection was invalid. However, it was explained in the opinion of Mr. Justice ALLEN M. STEARNE, in *Barth v. Gorson,* 383 Pa. 611, 119 A. 2d 309, that equity in the *Kelly* case took jurisdiction to determine whether or not an injunction should issue restraining an anticipated nuisance, and, as an incidental factor, proceeded to determine the invalidity of the zoning ordinance. The court stated (p.

616, A. p. 311) that "Equity having assumed jurisdiction for one purpose will retain it for all purposes, even though it adjudicates questions which, in the first instance, would not have warranted a court of chancery in assuming jurisdiction:". But it added that "Such a situation is clearly distinguished from a situation where a zoning ordinance is questioned and jurisdiction in equity is sought."

Plaintiffs, while admitting that the constitutionality or invalidity for other "substantive" reasons of a zoning ordinance cannot be determined by bill in equity, seek to distinguish the present case on the ground that the invalidity of the zoning ordinance here questioned is based on the contention that the ordinance was not properly enacted by the council, which, it is contended, is merely a "procedural" matter. This is so obviously a distinction without a difference as not to require extended discussion. Apart from the fact that the cases hereinbefore cited apply the rule of exclusive remedy as provided by the statute to all kinds of alleged defects or irregularities in a zoning ordinance,[2] and apart from the further fact that plaintiffs' bill in equity actually attacks the present ordinance not only for the so-called "procedural reason" but also on what it itself denominates as "substantive" and constitutional reasons, it is obvious that if the ordinance was not properly enacted by the Council it is as much a nullity and has no more existence in law than if it were unconstitutional or invalid for any other reason; if it is void the reason therefor cannot constitute the basis for any change in jurisdiction or proce-

---

[2] Cf. *Griffith v. McCandless Township*, 366 Pa. 309, 77 A. 2d 430, where it was held that, where a statutory remedy existed, equity did not have jurisdiction to determine the validity of an ordinance attacked as to the manner of its passage or because of procedural irregularities.

dure. It is also clear that, if recourse were here permitted to equity, and if the decision were that the ordinance had been validly enacted, there would then have to follow an application to the zoning authorities for a permit where all pertinent facts bearing on the application must be ascertained, and thus two proceedings would have to be successively instituted instead of the one provided by section 8 of the Act of May 6, 1929, P.L. 1551, and section 5-1006 of the Philadelphia Home Rule Charter, through the Board of Adjustment and appeal therefrom, if necessary, to the court. No permit in the present case has as yet been requested, and perhaps never will be, the buildng of an apartment house being merely said to be at this time within the "contemplation" of the owners of the tract in question. If, as and when, however, such an application may be made, plaintiffs, intervening in the proceedings before the Board of Adjustment, would presumably present their contention that the zoning ordinance applicable to the situation was the one which originally zoned the tract in question as Class "A Residential," the re-zoning ordinance of December 29, 1955, which changed the classification to Class "H-2 Residential," not being a valid enactment, and the question thus presented would, as in all such cases, be decided in the first instance by the Board of Adjustment and, on any appeal therefrom, by the common pleas and appellate courts.

The decree is affirmed at appellants' costs.