## Booz v. Reed

*Paul Lane Ives*, for plaintiff.
*Basil C. Clare*, for defendant.

BRETHERICK, J., October 18, 1957.—The court has before it preliminary objections to a complaint in mandamus. The preliminary objections will be discussed.

It appears from the complaint that on January 17, 1957, a justice of the peace of this county entered judgment against plaintiff herein and in favor of one Ostrander in the sum of $98.12, in an action in trespass brought by Ostrander against plaintiff. On February 5, 1957, plaintiff filed an affidavit and bail absolute in the office of the justice of the peace on appeal from the judgment, and received a transcript of the proceedings of record on the docket of the justice of the peace, a copy of the transcript being attached to the complaint. On February 8, 1957, defendant, as

prothonotary of this county, refused to enter the transcript on his docket, and he still refuses to do so.

Plaintiff avers that defendant is required by the Act of Assembly of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 4, 42 PS§923, to enter the transcript on his docket, that plaintiff "is interested in compelling the defendant to perform his legal duty because he is lawfully entitled to appeal from the judgment aforesaid and to the right of trial by jury in this case, but he cannot appeal nor can he obtain his right to trial by jury unless the defendant enters the said transcript on his docket."

Defendant avers, in his preliminary objections, that the Act of May 17, 1956, P. L. 1626, sec. 1, 42 PS §913(a), provides that there shall be no appeal where the amount of the judgment does not exceed $100, except by petition to the court of common pleas for special allowances, that the judgment in this matter does not exceed $100 and plaintiff has not petitioned the court for special allowance of the appeal.

It is plaintiff's position that the act of assembly upon which defendant relies is invalid as in contravention of the Constitution of this Commonwealth. We are in accord with plaintiff's contention.

Defendant, in his brief, advances several reasons why, as he contends, mandamus is not the proper remedy under the facts pleaded. We shall dispose of these objections before proceeding to consideration of the main issue.

It is argued that the question of the constitutionality of a statute cannot be raised in mandamus proceedings. Defendant relies upon Commonwealth ex rel. v. James, 135 Pa. 480, where it was held that the clerk of the court of quarter sessions could not, in mandamus proceedings, question the constitutionality of an act of assembly requiring him to receive and record certain papers. The decision is in accord with

the weight of authority throughout the country. But defendant, we think, has failed to distinguish between cases where the constitutional question was raised by respondent, and cases where the question was raised by relator. See the illuminating discussion of this subject at 34 Am. Jur., Mandamus, sec. 81, et seq. We think mandamus is the appropriate remedy in the instant case: Penna. Co. v. Scott, Prothonotary, 329 Pa. 534; Penna. Co. v. Scott, 346 Pa. 13.

Defendant also asserts that there was another remedy available to plaintiff. He states that plaintiff could have petitioned the court for a special allowance under the act, and raised the question of constitutionality on appeal, in the event his petition was denied. The answer to this is obvious. One who invokes, or acquiesces in, an unconstitutional enactment or proceeding is barred from asserting its invalidity: Montgomery County Bar Association v. Rinalducci, 329 Pa. 296, 298.

Defendant further contends that mandamus is not the proper remedy because mandamus lies only where the duty is ministerial, and in the case at bar "before the defendant could comply he first would have to determine whether or not the act in question was constitutional". It has been seen, however, that defendant cannot consider the question of constitutionality, and the duty sought to be enforced was purely ministerial: Commonwealth ex rel. v. W. P. James, 135 Pa. 480.

This brings us to the real issue in the case. The Act of May 17, 1956, P. L. 1626, sec. 1, 42 PS §913(a), provides: "In every action of trespass before a magistrate, alderman or justice of the peace, in which a right of appeal from the decision thereof to the court of common pleas now exists, the right of appeal shall hereafter apply only where the judgment given by the magistrate, alderman or justice of the peace shall exceed the amount of one hundred dollars ($100),

excluding costs. In case the amount of the judgment does not exceed one hundred dollars ($100), the judgment of the magistrate, alderman or justice of the peace shall be final except by petition to the court of common pleas for special allowance."

Plaintiff's main charge is that the act violates article 1, sec. 6, of the Constitution that: "Trial by jury shall be as heretofore, and the right thereof remain inviolate." Speaking of an identical provision in the Constitution of 1838, the Supreme Court, in Byers and Davis v. Commonwealth, 42 Pa. 89, 94, said: "Our first constitution, that of 1776, declared that 'trials by jury shall be *as heretofore.*' The Constitution of 1790, and the amended one of 1838, adopted substantially the same provision. Their language was, 'trial by jury shall be *as heretofore,* and the right thereof remain inviolate'. All looked to preservation, not extension. It is the old right, whatever it was, the one previously enjoyed, that must remain inviolable, alike in its mode of enjoyment and in its extent. What, then, was this right thus cherished and thus perpetuated? We inquire not now after the mode in which such a trial was conducted. Our business at present is to ascertain how far the right to a trial by jury extended — to what controversies it was applicable" (Italics, the Supreme Court's).

It is pertinent to inquire, then, what was the right of trial by jury as it existed at the time of the adoption of the Constitution of 1874? The Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 4, 42 PS §662, gave either party the right to appeal. The appeal was de novo. Section 3 of the Act 42 PS §661, provided that if the demand shall not exceed, $5.33, the judgment shall be final. For an interesting and illuminating review of the historical background of this legislation, see Emerick v. Harris, 1 Bin. 416, 426; Capital Traction Co. v. Hof, 174 U. S. 1, 19 S. Ct. 580, 43 L. Ed.

873. Section 4 of the same act, 42 PS §923, provides, inter alia: ". . . and the whole proceeding in case of appeal shall be certified to the prothonotary of the proper county, who shall enter the same on his docket, and the suit shall from thence take grade with, and be subject to the same rules as other actions, where the parties are considered to be in court, and the costs accrued before the justice, shall await the event of the suit. . . ."

Thus, at the time of the adoption of the Constitution, there was the right of appeal and trial by jury if the demand exceeded $5.33. The appeal, of course, could not be perfected until the prothonotary entered the transcript on his docket.

So much for the preëxisting right of trial by jury in terms of its extent in cognate cases. It remains to consider what was the effect of the Act of 1956 on that cherished constitutional right. In the preparation of this opinion, we have had the inestimable advantage of a recent and thorough discussion by our Supreme Court of the right of trial by jury, both in its general aspects and with respect to the conditions, restrictions or regulations which may lawfully be imposed on its enjoyment. In Smith Case, 381 Pa. 223, the Supreme Court upheld the constitutionality of the Act of January 14, 1952, P. L. 2087, amending the Act of June 16, 1836, P. L. 715, which provides for compulsory arbitration. In the course of the opinion, it is said, page 230:

"In the Capital Traction Co. case (Capital Traction Co. v. Hof, 174 U. S. 1) it was said (p. 23) : 'It (the Constitution) does not prescribe at what stage of an action a trial by jury must, if demanded, be had; or what conditions may be imposed upon the demand of such a trial, consistently with preserving the right to it'. The only purpose of the constitutional provision is to secure the right of trial by jury before rights of

person or property are *finally* determined. All that is required is that the right of appeal for the purpose of presenting the issue to a jury must not be burdened by the imposition of onerous conditions, restrictions or regulations which would make the right practically unavailable. As to what amounts to such a forbidden restriction it has been held that the constitutional provision is not violated by a requirement of the payment of costs before the entry of an appeal in order to obtain a jury trial: McDonald v. Schell, 6 S. & R. 239; nor by a requirement of giving bail for the payment of costs accrued and to accrue or for the performance of some other duty: Haines v. Levin, 51 Pa. 412; Commonwealth, for use, v. McCann & Co., 174 Pa. 19, 34 A. 299; nor by a requirement of furnishing security for the prosecution of the appeal and satisfaction of the final judgment: Capital Traction Co. v. Hof, 174 U. S. 1, 23, 43-45; nor by a requirement of the payment of a jury fee in advance of trial: Gottschall v. Campbell, 234 Pa. 347, 361, 83 A. 286, 291."

Succinctly stated, the Act of 1956 provides that in actions of trespass before a magistrate, alderman or justice of the peace, if the judgment shall not exceed $100, excluding costs, the judgment shall be final, except by petition to the court of common pleas for special allowance. We cannot view this legislation as the mere imposition of a reasonable condition, restriction or regulation on the right of appeal for the purpose of presenting the issue to a jury. On the contrary, the act expressly recognizes the existing right of appeal, and then proceeds to *deny that right* to the extent, and in the cases, covered by its terms. The language is clear and unmistakable: "the right of appeal shall hereafter apply only where the judgment given . . . shall exceed the amount of one hundred dollars ($100), excluding costs."

It is clear to us that, in those cases falling within its purview, the act works nothing less than an outright deprivation and abrogation of the right itself, in contravention of the basic law.

The concluding sentence of the section makes provision for an appeal upon "special allowance", presumably upon cause shown, thus assimilating the practice to that in appeals from summary conviction. See Constitution, article V, sec. 14; Commonwealth v. Palms, 141 Pa. Superior Ct. 430. This provision does not, in our opinion, save the act, for the fact remains that under the terms thereof trial by jury is no longer a matter of *right*, but a matter of *discretion* with the court.

Careful and extended research has failed to disclose any authority which we regard as directly in point. In at least two other jurisdictions, however, the courts have given consideration to statutes which, without more, changed the law in force at the time of the adoption of the Constitution with respect to the amount in controversy which would permit an appeal from the judgment of a justice to a jury. The decisions reflect a sharp division of opinion.

"There is some conflict of authority as to whether the legislature may alter the law in force at the time of the adoption of the constitution as to the amount in controversy which will entitle a party to appeal from the judgment of a justice to a jury, it having been held that the amount cannot be increased, while other cases have held that the legislature may within reasonable limits increase the amount, although the effect will be to deny the right of appeal in certain cases where it previously existed": 50 C. J. S., Juries, sec. 119. These cases shed little light on the question before us because of varying constitutional provisions in the several jurisdictions.

We are mindful of the rule that an act of assembly is to be declared void only when it violates the Constitution clearly, palpably, plainly, and in such manner as to leave no doubt or hesitation in the mind of the reviewing court: Penn Anthracite Mining Co. v. Anthracite Miners of Pennsylvania, 318 Pa. 401, 405. However, we are led to the inescapable conclusion that the act of assembly in controversy is in plain conflict with the mandate of article I, sec. 6, of our Constitution.

Our conclusion on the main issue in the case makes it unnecessary to consider other constitutional objections raised by plaintiff and ably presented in his masterful brief of argument.

### Order

And now, October 18, 1957, upon consideration of the within case, it is ordered, adjudged and decreed that defendant's preliminary objections to the complaint be, and they are, overruled, and defendant is granted leave to file an answer within 20 days after receipt of notice of the entry of this order.

Diggins, J., dissents.