Home Life Insurance Company of America, Appellant, v. Board of Adjustment.

448

Argued April 30, 1958. Before Jones, C. J., Mus-
manno, Arnold, Jones and Cohen, JJ.

C. Brewster Rhoads, with him Robert L. Trescher,
Victor J. Roberts, Carl H. Anderson, and Montgomery,
McCracken, Walker & Rhoads, for appellant.

Edmund B. Spaeth, Jr., with him John E. Forsythe,
Township Solicitor, and Wright, Mauck, Hawes &
Spencer, for appellee.

Opinion by Mr. Chief Justice Jones, June 30,
1958:

The question involved on this appeal is whether the
plaintiff company complied with prescribed legal pro-
cedure for testing the constitutionality of a zoning or-
dinance as it affects its property. The appellee has
filed a motion to quash which will be treated with later.

Home Life Insurance Company of America, herein-
after referred to as the Company, is the owner of an
unimproved tract of land in Lower Merion Township,
Montgomery County, containing some 19 acres. The
property is situated in an area zoned by the township's
ordinance as R-1—the most restricted residential classi-
fication. In June of 1954, the Company petitioned the

Board of Township Commissioners for a re-zoning of the district from R-1 Residential to R-7 Residential in which latter classification the erection of apartment houses is permitted by the ordinance. The Commissioners took no action on this petition. Two years later, the Company filed with the Superintendent of Building Inspection a petition requesting a variance that would allow it to erect on its land an apartment house and to use its property for such purpose. The Company did not apply for a building permit; nor did it submit any plans for a proposed apartment house. The Superintendent declined to entertain the Company's petition on the ground that he was without power to grant a variance.

The Company thereupon filed with the township's Board of Adjustment an "Application and Appeal" from the action of the Superintendent. The broad purpose of this application and appeal, as therein stated, was "to place in issue the constitutionality and validity of the Lower Merion Township Zoning Ordinance of 1927, as amended, as it applies to the herein described property, and to accomplish a change in the zoning classification of the property from R-1 Residence District to a classification that will permit the erection and use of apartment houses within the regulations contained in Article X (R-7 Residence Districts) of the Lower Merion Zoning Ordinance of 1927, as amended." No plans or drawings for an apartment house or houses were attached to the Company's pleading or submitted by it to the Board of Adjustment.

Counsel for the township promptly moved the Board of Adjustment to quash the Company's appeal "for lack of jurisdiction"—a term which was a patent misnomer. The real objection to the appeal lay in the appellant's failure to supply the requirements of the applicable legal procedure to be pursued in the circumstances. The

Board granted the motion to quash and the Company filed in the court below its petition for an appeal from the action of the Board. The township petitioned the court to dismiss the Company's appeal, again, "for lack of jurisdiction". The court granted a rule on the township's petition which required the Company to show cause why its appeal should not be dismissed. The Company duly answered the petition. While the court was led into an inadvertent use of the term "jurisdiction", the problem at all times, as recognized by the court, was purely one of procedure. Thus, at the outset of its opinion, the court stated that "The sole question before us at this time is whether the Insurance Company has adopted the proper procedure to have that question [alleged unconstitutionality of the zoning ordinance] determined." Further on, the opinion reiterates that ". . . the question before us is one of procedure and not on the merits." After argument on the petition and answer, the court made the rule absolute and forthwith dismissed the Company's appeal. From that action the Company brought this present appeal.

Counsel for the appellee has moved to quash on the ground that the subject of review is a jurisdictional question appealable under the Act of March 5, 1925, P. L. 23, 12 PS §672 et seq., and that the appeal was not taken within 15 days of the decision as required by that Act. The point is not well taken. As we have already indicated, no question of jurisdiction is present. *Zerbe Township School District v. Thomas,* 353 Pa. 162, 165-166, 44 A. 2d 566. The court below was competent to hear and decide the issue and had jurisdiction of both subject matter and parties. The court's order dismissing the Company's appeal from the action of the Board of Adjustment was final; it put the Company completely out of court. The Company's appeal therefrom to this court was not by virtue of the Act of

March 5, 1925, P. L. 23 (see *Mauser v. Mauser*, 326 Pa. 257, 260, 192 A. 137) but was under the Act of May 19, 1897, P. L. 67, as amended, 12 PS §1136. Accordingly, the time limit on the appeal was three calendar months; it was well within that period that the appeal was perfected. The right to appeal conferred by the Act of 1925, supra, is permissive and not mandatory. It does not affect in any way the right of an aggrieved party to appeal from a *final* order, judgment or decree under the Act of 1897, supra.

We have then to consider whether the appellant Company pursued the procedure required for testing the constitutionality of the zoning ordinance as it relates to its property. Both the appellant and appellee affirm that *Jacobs v. Fetzer*, 381 Pa. 262, 112 A. 2d 356, is declaratory of the statutorily prescribed procedure to be followed for the purpose above stated. Nor is the rule of that case open to any question. What we there held, as later construed and approved by Chief Justice STERN, speaking for a unanimous court, in *Knup v. Philadelphia*, 386 Pa. 350, 355-356, 126 A. 2d 399, is that "a court of equity does not have jurisdiction to decide whether a property was zoned discriminatorily and whether a zoning ordinance was unconstitutional in its classification of a particular property." In *Pittsburgh Outdoor Advertising Company v. Clairton*, 390 Pa. 1, 10, 133 A. 2d 542, Mr. Justice CHIDSEY quoted with approval what he said had been "stated unequivocally" in *Jacobs v. Fetzer* as the applicable rule, viz., "It is plain enough that the procedure statutorily prescribed for testing the validity of substantive provisions of a zoning ordinance or the method of its administration is through application to the board of adjustment by one aggrieved by the decision of a borough administrative officer in respect thereof and, thereafter, by appeal to the court of common pleas if the decision of the

board of adjustment is likewise adverse." Even the dissenting opinion in the *Pittsburgh Outdoor Advertising* case, supra, said with special reference to the majority opinion in that case and the opinion in the *Knup* case, "We agree with their statement of the *general* rule, viz., that the statutory remedy prescribed by the Legislature to test the validity of a permit or of a variance or an exception, and the application and constitutionality of a zoning ordinance, can only be raised by proceedings before a permit (zoning) officer and thereafter by appeal to the Board of Adjustment and then to the Court of Common Pleas."

Where the appellant and the appellee differ is in the application of the rule enunciated in *Jacobs v. Fetzer*. It is the appellant's contention that all that it was required to do in order to test the constitutionality of the zoning ordinance, as it applies to its property, was to make a request of the township administrative officer for a change in the zoned status of its property; appeal to the Board of Adjustment from the administrative officer's refusal of the application; and then assert before the Board of Adjustment the unconstitutionality of the ordinance without seeking either a building or a use permit or submitting any plans or drawings of a proposed building to be erected on the property. What the appellant thus seeks to accomplish through the prescribed procedural steps at law is exactly what was attempted in equity in *Jacobs v. Fetzer*, i.e., a nullification of the zoning ordinance with respect to the appellant's acreage. The appellant would have us rule that any property owner may assail a zoning ordinance as being unconstitutional even though the owner had not been denied any particular use of his property which he had sought and, in fact, had no present plans with regard to its use. This would be to hold the ordinance unconstitutional *in vacuo* which, as often declared, a court will not do.

As stated in *Knowles's Estate*, 295 Pa. 571, 585, 145 A. 797, "In deciding constitutional attacks upon acts of assembly, the courts do not heed abstract propositions; they deal with actual conditions alone, which must not only affect the one complaining of the alleged unconstitutionality but also must affect him by reason of the particular defect that it is claimed makes the act unconstitutional." The foregoing principle is equally applicable to attacks upon ordinances. In *Knup v. Philadelphia*, supra, we recognized that ". . . a court will take jurisdiction [of a question of unconstitutionality] only in a case in which a challenged statute, ordinance, or rule of court has been actually applied to a litigant; it does not undertake to decide academically the unconstitutionality or other alleged invalidity of legislation until it is brought into operation so as to impinge upon the rights of some person or persons."

The learned judge of the court below correctly interpreted the intent of *Jacobs v. Fetzer* by requiring of the complaining party an application for a building permit accompanied by plans or at least a drawing of a proposed structure. As the court pertinently observed, "The appellant must have some idea of the kind of an apartment house it proposes to build on its land and it would not be too costly to submit at least a sketch with a description of the proposed structure." An applicant for a permit need not, of course, furnish detailed plans and specifications of the building contemplated. A drawing to scale showing the size and location of a proposed structure, with possibly an elevation sketch giving an idea of its exterior appearance, would be sufficient earnest of an owner's desire so to utilize his property.

The appellant argues that an application for a building permit would be a meaningless gesture, but that is not so when the prescribed procedure, if faithfully fol-

lowed, will give the applicant an opportunity to obtain an adjudication as to whether the ordinance unconstitutionally violates its property rights. The fact is, however, as counsel for appellant frankly conceded at bar, the owner has no present plans as to what, if any, buildings it may ultimately desire to erect on its property. In this connection, what Mr. Chief Justice STERN said for this court in *Knup v. Philadelphia,* supra, is peculiarly apposite: "No permit in the present case has as yet been requested, and perhaps never will be, the building of an apartment house being merely said to be at this time within the 'contemplation' of the owners of the tract in question ."

It is unnecessary to pursue the discussion further. The appellant failed to follow the prescribed procedure for questioning the constitutionality of the zoning ordinance; and the court below therefore acted correctly in dismissing the appeal petition.

Order affirmed at appellant's costs.