Gerstley, et al. *v.* Cheltenham Township Commissioners, et al.
Rossman, et al. *v.* Cheltenham Township Commissioners, et al.

Argued December 6, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Herbert D. Rossman,* for appellants.

*Morris Gerber,* with him *Richard Watt, Samuel H. High, Jr., Gerber, Davenport & Wilenzik,* and *High, Swartz, Roberts & Seidel,* for appellees.

OPINION BY JUDGE BLATT, January 26, 1973:

On December 30, 1969, the Board of Commissioners of Cheltenham Township passed two ordinances which rezoned two tracts of land from R-3 (single homes) to M-2 (high-rise multiple dwellings). One tract of land is owned by Marvin Orleans and Albert A. Toll, trading as Elkins Park House, and the other is owned by Orleans individually.

On January 29, 1970, three appeals were taken from the enactment of each ordinance by appellants herein, the Melrose Park Improvement Association, Anita M. Rossman and Jean R. Gerstley. Sets of zoning appeals were filed with the Court of Common Pleas of Montgomery County, Civil Division (Appeals A and B) and Criminal Division (Appeals C and D), and with the Cheltenham Township Zoning Hearing Board (Appeals E and F). Orleans and Toll intervened in all appeals. The Zoning Hearing Board subsequently dismissed Appeals E and F, and these were also appealed to the Common Pleas Court and consolidated with Appeals A and B. Orleans and Toll filed preliminary objections and, following argument thereon, all appeals were dismissed. The appellants have appealed to this Court from the dismissal of Appeals A and B (consolidated with Appeals E and F) but not from the dismissal of Appeals C and D.

The appellants have argued that these ordinances are invalid because: (1) the Township Planning Agency failed to make a recommendation in writing to the Township Board of Commissioners as to the proposed ordinances, (2) the Township Board of Commissioners failed to make a finding that the proposed ordinances were in accord with the spirit and intent of a formally adopted comprehensive plan, and (3) the Township has not, in fact, adopted a comprehensive plan. Because of the disposition which we make of this case, however, it

is not necessary for us to deal with these issues on their merits.

It is clear that prior to the institution of these actions no application for a building permit was filed for the rezoned areas in question. The courts have held that a rezoning controversy will not be ripe for adjudication until someone has been granted or denied a building permit. *Roeder v. Hatfield Borough Council,* 439 Pa. 241, 266 A. 2d 691 (1970). The question of the validity or the constitutionality of an ordinance will not be decided *in vacuo* but only after it has been applied to a litigant. *Home Life Insurance Company of America v. Board of Adjustment,* 393 Pa. 447, 143 A. 2d 21 (1958); *Knup v. Philadelphia,* 386 Pa. 350, 126 A. 2d 399 (1956). An action filed prior thereto will be considered to have been "patently premature and amount[ing] merely to an attempt to obtain an advisory opinion. Regardless of when the ordinance became effective . . . absolutely nothing had happened under the ordinance to create a case or controversy ripe for judicial intervention." *Bliss Excavating Company v. Luzerne County,* 418 Pa. 446, 449-450, 211 A. 2d 532, 534 (1965). This Court has stated that the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, 53 P.S. §§10101, et seq., "does not authorize the appeal here taken from the action of the Board of Supervisors to the court below and that the Code provides as the exclusive procedure for one desiring to test the validity of zoning regulations restricting him from a desired use of his property to make application in the usual fashion, that is through the zoning hearing board and thence to the court."[1] *Levitt and*

---

[1] It might be noted that pursuant to a recent amendment to §§1004(1)(b) and (3) of the Pennsylvania Municipalities Planning Code in the Act of June 1, 1972, P. L.    , Act 93, 53 P.S. §§11004 (1)(b) and (3), a landowner who claims that an ordinance is in-

*Sons, Inc. v. Kane,* 4 Pa. Commonwealth Ct. 375, 389-390, 285 A. 2d 917, 924 (1972).

It is true, however, that these cases concerned substantive challenges to zoning ordinances and that different rules are applicable to procedural challenges. "As to testing defects in the process of enactment of an ordinance by a borough, the MPC, §915, states that these issues may be raised in a proceeding before the Board only within 30 days of the effective date of the ordinance. Even though the MPC thus creates a statute of limitations, it does not create a formal procedure by which such questions may be raised. As §910 explicitly states that the Board has no power to pass on the validity of an ordinance and as such questions will rarely involve issues within the special competence of the Board, issues concerning the process of enactment should be brought before the court of common pleas (formerly the Court of Quarter Sessions) within 30 days of the date of enactment pursuant to §1010 of The Borough Code." *Roeder v. Hatfield Borough Council,* 439 Pa. at 246, 266 A. 2d at 694.

Cheltenham Township is a Township of the First Class, and the proper procedure for attacking procedural errors in an ordinance adopted by the Township is under §1502 of the First Class Township Code, Act of June 24, 1931, P. L. 1206, as amended, 53 P.S. §56502. *Wynnewood Civic Association v. Lower Merion Township,* 175 Pa. Superior Ct. 20, 102 A. 2d 423 (1954). "[A] challenge under Section 1502 questions only the propriety or regularity of the procedure followed in enacting the ordinance. The validity or constitutionality of the ordinance may not be considered by the court of quarter sessions." *Cheltenham Township Appeal,* 413 Pa. 379, 387, 196 A. 2d 363, 367 (1964).

---

valid has the option of seeking a rezoning and appealing a refusal directly to court. This provision is not applicable to this case.

Section 1502 of the First Class Township Code states: "Complaint as to the legality of any ordinance or resolution may be made to the court of quarter sessions . . . within thirty days after any ordinance or resolution takes effect." And we have held that: "Since the Municipalities Planning Code 'does not create a formal procedure by which such questions may be raised' the procedure in the First Class Township Code still governs attacks on the procedural validity of the ordinance, and requires that such actions be filed in the Criminal Division of the Court of Common Pleas." *Linda Development Corp. v. Plymouth Township,* 3 Pa. Commonwealth Ct. 334, 343, 281 A. 2d 784, 789 (1971).

It is apparent that the appellants have failed to follow the proper procedures in their challenges to the ordinances in question, whether we consider their objections to the ordinance to be substantive or procedural. Since no building permit has been applied for, any substantive challenge through either the Zoning Hearing Board or the courts would be premature. And, as to a procedural challenge, such must be brought pursuant to §1502 of the First Class Township Code. In fact, of course, such a challenge was brought in this case in the Criminal Division of the Court of Common Pleas, but it was not appealed to this Court, and is not before us.

We must, therefore, order the appeals currently before this Court dismissed.