Betty McDonough, Plaintiff *v.* The Honorable Milton J. Shapp, Governor of the State of Pennsylvania, and the Honorable Grace M. Sloan, Treasurer of the State of Pennsylvania, Defendants.

Argued December 9, 1976, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Harry R. Nixon,* with him *Schneider, Nixon & John,* for plaintiff.

*Joseph W. McGuire,* Deputy Attorney General, with him *J. Justin Blewitt, Jr.,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant.

OPINION BY JUDGE ROGERS, January 19, 1977:

Betty McDonough, a citizen and taxpayer of Pennsylvania, has sued the Governor and State Treasurer in mandamus, seeking an order of this Court that the defendants discontinue payment of premiums on and cancel insurance policies providing liability coverage of State employees. Her complaint asserts that because State employees are immune from liability for acts of ordinary negligence, the liability insurance taken out by defendants is illusory and a waste of Commonwealth money. The defendants have filed preliminary objections, including one in the nature of a demurrer which we sustain.

Mandamus may be used only to compel a performance of a purely ministerial or mandatory duty; it lies only where there is a clear legal right in the plaintiff to the performance of the act sought to be required and a corresponding duty in the defendant to perform it. *Suburban Group, Inc. v. Gittings,* 22 Pa. Commonwealth Ct. 295, 348 A.2d 490 (1975).

Our examination of the law reveals nothing suggesting that the defendants have a duty not to provide the liability insurance coverage of which the plaintiff complains; and that, far from there being

a clear right in the plaintiff to have the insurance discontinued, there is a clear duty imposed on the defendants to provide the insurance in question.

Article IV, Section 2 of the Pennsylvania Constitution requires the Governor to execute the laws. Section 2404(b) of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §634(b) provides:

> The Department of Property and Supplies shall have the power, *and its duty shall be*:
>
> (b) *To procure automobile liability insurance,* covering vehicles owned by the Commonwealth of Pennsylvania or the United States of America or its instrumentalities, which are loaned to and operated by State officers or employes or officers and enlisted men of the Pennsylvania National Guard, the Pennsylvania Reserve Corps or its successor, *and to procure public liability insurance covering all State employes,* including members of boards and commissions, while engaged in the performance of their duties, and to purchase such insurance on a group basis, or otherwise, *and the issuance of such insurance for State employes by any duly authorized insurance company in Pennsylvania, is hereby declared to be lawful.* . . . (Emphasis added.)

The complaint challenges neither the constitutionality of Section 2404(b) of the Code nor the Legislature's power to require liability insurance coverage of its employees.[1] Even had such challenges been made, mandamus would not normally be the proper remedy. *Booz v. Reed,* 398 Pa. 172, 157 A.2d 170

---

[1] The wisdom of Section 2404(b) of The Administrative Code is plain in the light of the parlous condition of the doctrine of sovereign immunity in Pennsylvania.

(1960). In *Philadelphia Presbytery Homes, Inc. v. Abington Board of Commissioners,* 440 Pa. 299, 303, 269 A.2d 871, 873 (1970), our Supreme Court wrote:

[W]here it is necessary to establish the invalidity of an ordinance before the right sought to be vindicated by the plaintiff in mandamus can be said to exist, the right is not sufficiently 'clear' to form the basis upon which to issue the writ.

Since, contrary to the plaintiff's thesis, the defendants have a clear statutory duty to do what the complaint seeks our order compelling them to undo, the following is an appropriate order:

ORDER

AND Now, this 19th day of January, 1977, the preliminary objections of the defendants in the nature of a demurrer are sustained and the complaint herein is dismissed.

