Louis J. Hawrylak, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Alvin C. Moyer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Nick Chubarov, Petitioner *v.* Commonwelth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Harry J. Logue, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

224

Argued November 15, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*John Stember*, with him *Mark P. Cancilla, Regis J. McNally* and *Deborah Comay*, for petitioners.

*John T. Kupchinsky*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., May 9, 1983:

Claimants[1] appeal Unemployment Compensation Board of Review (Board) orders affirming referees' decisions upholding the Office of Employment Secu-

---

[1] Alvin C. Moyer, Nick Chubarov, Louis J. Hawrylak and Harry J. Logue. Due to the identity of issues, these appeals were consolidated by Order of this Court in accordance with Pa. R.A.P. 513.

rity's (OES) deduction of claimants' social security old age payments and pensions from their unemployment weekly benefit rates pursuant to Section 404 (d)(iii) of the Unemployment Compensation Law (Law).[2] We affirm.

The facts are not in dispute. Claimants either retired or were laid off by their respective employers due to lack of work. During 1980 and 1981, claimants applied for unemployment compensation benefits. Although the OES found claimants eligible for unemployment benefits, under Section 404(d)(iii) of the Law[3] each individual's weekly benefit rate was reduced by the amount of social security and private pension payments received.[4]

Although the OES offsetting of designated disqualifying wage-replacement income against unemployment compensation benefits was done pursuant to Section 404(d)(iii), and notwithstanding that Section 404(d)(iii) was the *sole* basis for, and the *exclusive* statutory provision referenced in the Board's adjudication, claimants challenge, on constitutional and other grounds, Section 3304(a)(15) of the Federal

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §804(d)(iii).

[3] Section 404(d)(iii) pertinently provides:

(d) [E]ach eligible employe who is unemployed . . . shall be paid . . . compensation in an amount equal to his weekly benefit rate less . . .

(iii) an amount equal to the amount of a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual.

[4] The practical effect of Section 404(d)(iii) is to offset unemployment benefits by the amount of pension or other retirement benefits received on a dollar for dollar basis. Thus, after deduction of their respective social security benefit and private pension payments, claimants received the following weekly benefit amounts: Moyer, $13; Chubarov, $0; Hawrylak, $0; Logue, $0.

Unemployment Tax Act (FUTA), 26 U.S.C. §3304 (a) (15).[5]

Claimants primarily contend that Section 3304 (a) (15) of FUTA denies them equal protection in violation of the Due Process clause of the Fifth Amendment of the United States Constitution; that the federal statute embodies an unconstitutional presumption that all pension recipients are retired; that

---

[5] In 1976, Congress enacted Section 3304(a) (15), requiring states, as one condition for Secretary of Labor certification of state unemployment compensation programs, to offset specific forms of wage-replacement income against unemployment benefits. If the Secretary of Labor certifies that a state is complying with Section 3304(a) (15) and other *minimum* standards set forth in 26 U.S.C. §3304(a), employers in that state are permitted, *inter alia*, 90% credit against FUTA tax liability for state unemployment contributions. See, *McKay v. Horn*, 529 F. Supp. 847 (D.N.J. 1981) and *Rivera v. Patino*, 524 F. Supp. 136 (N.D. Calif. 1981) for excellent discussions concerning the federal-state cooperative unemployment compensation scheme and minimal federal criteria governing eligibility for same.

In 1980, Section 3304(a) (15) was further amended by Congress narrowing, in two aspects, the class of pensioners whose disqualifying income would be offset against unemployment compensation benefits. First, unemployment compensation benefits are only offset by benefits received from a retirement fund maintained or contributed to by a base period or chargeable employer. Second, retirement benefits paid from a fund contributed to by the base period or chargeable employer can only be applied to disqualifying unemployment payments if employer contributions during the base period qualified the claimant for or enhanced the amount of retirement benefits the claimant receives. The newly enacted Section 3304(a) (15) applies only to recertification by the Secretary of Labor starting October 1981. See, Section 414(a) and (b) of the Multiemployer Pension Plan Amendment Act of 1980, Pub. L. No. 96-364, 94 Stat. 1208 (1980).

While the language of Section 404(d) (iii) of the Law tracked with the language of the 1976 enactment of Section 3304(a) (15) of FUTA, in light of the 1980 amendment, such is no longer the case. See, *Novak v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 148, 457 A.2d 610 1983).

the federal statute impairs the obligation of contracts (presumably in violation of Article 1, Section 10 of the United States Constitution); that the federal statute operates as a Bill of Attainder. For reasons set forth below, we are constrained to dismiss claimants' appeal without addressing the merits.

While this Court has jurisdiction to decide cases involving federal statutes and federal constitutional rights, *Klesh v. Department of Public Welfare*, 55 Pa. Commonwealth Ct. 587, 591, 423 A.2d 1348, 1350 (1980), "it is axiomatic 'that matters not properly raised in, or considered by, the tribunal below, cannot be considered on appeal, even though such matters involve constitutional questions.' " *Green v. Commonwealth of Pennsylvania*, 67 Pa. Commonwealth Ct. 41, 45, 445 A.2d 1341, 1343 (1982) (quoting *Amos v. Commonwealth ex rel. Borough of Waynesborg*, 44 Pa. Commonwealth Ct. 547, 549-50, 404 A.2d 743, 744 (1979) (citations omitted)).[6]

Thus, the contention of claimants Moyer and Hawrylak regarding Section 3304(a)(15) of FUTA are not properly before this Court. *See, Nytiaha v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 564, 568-69, 425 A.2d 485, 487-88 (1981). Nothing in their respective records indicates that either claimant, despite ample opportunities, raised the challenges to Section 3304(a)(15) of FUTA or Section 404(d)(iii) before the unemployment compensation authorities. *See, 2* Pa. C. S. §703

---

[6] For unemployment compensation cases applying the waiver rule, see, *Wing v. Unemployment Compensation Board of Review*, 496 Pa. 113, 436 A.2d 179 (1981); *Laws v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 424, 412 A.2d 1381 (1980); *Rinehart v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 15, 389 A.2d 243 (1978).

228

(a); *see also*, Pa. R.A.P. 1551(a). Therefore, we affirm the decision of the Board upholding the OES deduction of social security retirement and private pension payments from the unemployment weekly benefit rates of claimants Moyer and Hawrylak in accordance with Section 404(d)(iii) of the Law.

Counsel for claimants Logue and Chubarov raised, before the referee, issues concerning the constitutionality of both the state and federal pension offset provisions. In claimants' brief, however, all arguments are directed against the federal provisions at Section 3304(a)(15) of FUTA.[7] For inexplicable reasons, claimants' main brief failed to address the validity and constitutionality of Section 404(d)(iii) which was the *sole* basis of the Board's decisions appealed. The Board's decisions and orders were issued pursuant to, and authorized by, relevant and applicable state law; federal law, such as Section 3304 (a)(15) of FUTA, was neither relevant nor applicable to the Board's adjudications below.

Since Section 3304(d)(15) of FUTA was not pertinent to the Board's adjudications, this Court will not consider matters not strictly necessary to the proper disposition of the cases presented. We see no reason to determine the validity of a federal statute, when such statute is neither relevant nor pertinent to the agency adjudications appealed from. *Cf., Klesh,* 55 Pa. Commonwealth Ct. at 591, 423 A.2d at 1350 (necessary to consider constitutionality of federal statute in order to rule on denial of equal protection claim). Absent a showing that Section 3304(a)(15) of FUTA underpinned the Board's adjudication and directly

---

[7] The Board correctly notes that except for references to Section 404(d)(iii) in claimants' statement of the case and in the Supplementary argument to Argument III, all case and statutory citations either reference or are pertinent to Section 3304(a)(15) of FUTA.

affected claimants, or of a necessity to consider the validity of the federal statutory provision in order to rule on these claims, we must conclude that claimants are improperly urging this Court to render an advisory opinion on an abstract legal question, to wit: the constitutionality and general validity of Section 3304(a)(15) of FUTA. *See, Pennsylvania Power and Light Company v. Pennsylvania Public Utility Commission,* 43 Pa. Commonwealth Ct. 252, 256-58, 401 A.2d 1255, 1257-58 (1979); *Klesh,* 55 Pa. Commonwealth Ct. at 591, 423 A.2d at 1350. For it is axiomatic that

> a court will take jurisdiction [of a question of unconstitutionality] only in a case in which a challenged statute, ordinance, or rule of court has been *actually applied* to a litigant; *it does not undertake to decide academically the unconstitutionality or other alleged invalidity of legislation until it is brought into operation so as to impinge upon the rights of some person or persons.* (Emphasis supplied.)

*Home Life Insurance Co. of America v. Board of Adjustment,* 393 Pa. 447, 453, 143 A.2d 21, 24 (1958) (quoting *Knup v. City of Philadelphia,* 386 Pa. 350, 353, 126 A.2d 399, 400 (1956)).

Finally, although claimants Logue and Chubarov raised constitutional questions regarding Section 404(d)(iii) below, claimants' brief inexplicably failed to address and challenge the legitimacy of the *state* pension offset provision. Since questions regarding the constitutionality and validity of Section 404(d)(iii) were neither raised nor addressed in claimants' brief, we therefore find it unnecessary to address these questions. *See, Commonwealth v. Jackson,* 494 Pa. 457, 431 A.2d 944 (1981) (issue waived when raised in "Statement of Questions Involved" portion

230

of brief but not addressed in "Argument" portion of brief); *Czitrom v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 537, 416 A.2d 109 (1980) (issue waived when raised in oral argument but set forth in neither the "Statement of Questions Involved" nor "Argument" portion of brief).

Accordingly, as to each claimant, the decision of the Board is affirmed.

ORDER

AND Now, the 9th day of May, 1983, the orders of the Unemployment Compensation Board of Review, at Decision Nos. B-189490, B-189403, B-190887, and B-204618, are affirmed.