## In re Dickson City Council

*Alex Marcus*, for petitioners.

*Joseph Needle*, borough solicitor, for Dickson City.

*Harrington Adams*, Deputy Attorney General, and *T. McKeen Chidsey*, Attorney General, for the Commonwealth.

EAGEN, J., February 6, 1950.—A petition is now before this court requesting that we direct a decrease in the number of councilmen presently serving in the Borough of Dickson City, Lackawanna County. The proceedings were initiated in accordance with the provisions of section 15 of the Act of July 10, 1947, P. L. 1621, 53 PS §12707. In answer to this petition, a motion to dismiss was filed contending that the legislation authorizing this section is unconstitutional, specifically, it is in violation of article II, sec. I of the Constitution of Pennsylvania.

The statute involved provides as follows:

"Decrease of number of ward councilmen ... Whenever the electors of any borough divided into wards are authorized, by this act, or by a decree of court, to elect two members of council from each ward, or whenever a borough at the time of the enactment of this act shall elect three councilmen from each ward, the court of quarter sessions may, upon the petition of at least five percentum of the registered electors of such borough, and after notice to the council, decrease the number of members of the council to be elected in each of such wards, from two to one, or from three to one or two. ..."

The question for decision is: "Does this constitute an invalid delegation of legislative power?".

The legal principles are clear but their application is not an easy task.

One who asks to have a law declared unconstitutional has the burden of proving beyond all doubt that it is so: Hadley's Case, 336 Pa. 100. The courts "have no power to set aside any part of a statute, be it a practice act or one dealing purely with substantive law, unless the conclusion that it is either unworkable or unconstitutional is inevitable ... and the necessity for so declaring inescapable": Miller v. Belmont Packing & Rubber Company, 268 Pa. 51, 62.

The power of the legislature is "to make, alter and repeal laws": See O'Neill et al. v. American Fire Ins. Co., 166 Pa. 72, 76. "While the legislature cannot delegate its law making power, it can 'delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend.' ... It may delegate 'the duty to determine whether the facts exist to which the law is itself restricted.' ... But it cannot empower a fact-finding body 'to create the conditions which constitute the fact' ": Marshall Impeachment Case, 363 Pa. 326, 337.

We believe that the conclusion is inescapable that this particular statute delegates to the courts the power of making the law in respect to the number of councilmen serving municipalities. It is a power which some courts may undoubtedly relish but it is clearly beyond the scope of a court's jurisdiction.

There is no provision in the statute for the determination of any fact or facts upon which the action of the court depends. There are no rules or standards by which the court is to be guided. It is clearly a matter of discretion exclusively. The fixing of the number of councilmen is left to the whim and fancy of the member or members of the court. In short, the fixing of the number of councilmen is in the court's hands with no checks or controls. The court itself creates and fixes the conditions.

The power thus delegated is legislative in character and the statute is, therefore, unconstitutional. As stated in Holgate Bros. Co. et al. v. Bashore et al., 331 Pa. 255, 260:

"Legislative power in Pennsylvania is vested solely in the General Assembly. Regardless of exigencies which at times arise or of how trying our economic or social conditions become, the powers and duties imposed by the Constitution upon the legislative branch of our government remain steadfast and neither the urgency of the necessity at hand nor the gravity of the situation allow the legislature to abdicate, transfer or delegate its authority or duty to another branch of the government. Our system of checks and balances in the government was wisely instituted by the framers of the Constitution for the protection of all the people of the Commonwealth and has proved an effective method to prevent unwise, hasty and imprudent legislation. So effective has been this system of government no attempt has been made to amend that part of the

Constitution and it remains the fundamental law of this Commonwealth.

"The legislature may, however, leave to administrative officers, boards and commissions, the duty to determine whether the facts exist to which the law is itself restricted. In all such occasions, nevertheless, the legislative body must surround such authority with definite standards, policies and limitations to which such administrative officers, boards or commissions, must strictly adhere and by which they are strictly governed. As said by Mr. Justice Agnew, in Locke's Appeal, 72 Pa. 491, 498, 'Then, the true distinction, I conceive, is this: The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend.' "

And again, at page 262, the court declared:

"It is absolutely essential that limits be set on the power conferred on such tribunals and that the scope of their authorized action clearly appear. 'In creating such an administrative agency the legislature, to prevent its being a pure delegation of legislative power, must enjoin upon it a certain course of procedure and certain rules of decision in the performance of its function. . . .' "

The Superior Court in Kellerman v. Philadelphia, 139 Pa. Superior Ct. 569, ruled in like manner. The Luzerne County Common Pleas Court in three separate instances held that the Act of May 4, 1927, P. L. 519, is unconstitutional. The Act of 1947 concerned herein amended the Act of 1927, supra. The only material change is in the number of citizens necessary to institute the action. See In re Borough of Kingston, 34 Luz. L. R. 51 (1941), and In re Petition to Decrease Number of Councilmen in Dupont Borough, June sessions, 1947, no. 389 (Luzerne County).

Therefore, February 6, 1950, the proceedings are dismissed.