## Trinsey v. Montgomery County Board of Elections

*Ditter & Jenkins*, for plaintiff.

*Horace A. Davenport*, for county board.

*Elmer L. Menges*, for supervisors of Upper Merion Township.

FORREST, P. J., February 25, 1963.—Plaintiff instituted this action in equity to enjoin the County Board of Elections from placing the names of candidates for additional township supervisors on the ballot for the Primary Election of 1963 and to enjoin the Supervisors of Upper Merion Township from taking any other steps to increase the number of supervisors from three to five.

Plaintiff contends that the act of assembly, under which the court of quarter sessions of this county ordered the number of supervisors so increased, is unconstitutional. The matter is before us on defendants' preliminary objections in the nature of a demurrer, raising the defense that the act is constitutional.

The facts well pleaded in the complaint must be deemed to be true in deciding on a demurrer: Pritchard v. Wick, 406 Pa. 598 (1962). The complaint alleges that plaintiff, John S. Trinsey, Jr., is a resident and taxpayer of Upper Merion Township; that on July 27, 1962, the Court of Quarter Sessions of this county, as of no. 503 June Term, 1961, ordered that the number of supervisors be increased to five and that the two additional supervisors so decreed shall be elected at the first municipal election following the date of the decree.

Plaintiff alleges, and the court takes judicial notice of the fact, that the order of the court of quarter sessions was predicated upon the Act of July 13, 1961, P. L. 596, 53 PS §5402. Plaintiff argues that the act is unconstitutional and ineffective, for the reasons that:

1. The act is loosely worded and vague; and

2. The procedure provided by the act sets up a government "similar to that of a first class township without holding the required vote."

In addition, plaintiff alleges that the increase of supervisors will result in improper expenditures by the township and county, and will interfere with the proper and orderly government of the township and will deprive him of proper representation in the government of the township. These conclusions of law require no answer, particularly where, as here, they are not supported by any allegations of fact. This leaves for our consideration only the question of the validity of the act.

The Second Class Township Code of May 1, 1933, P. L. 103, sec. 402, as last amended by the Act of July 13, 1961, P. L. 596, sec. 1, supra, provides inter alia that:

"(A) The electors of each township shall elect (a) except as otherwise provided, three supervisors . . .

"(B) The Court of Quarter Sessions upon petition may provide for the election of two additional supervisors in any township having a population of ten thousand or more. The petition shall be presented by the board of supervisors pursuant to a resolution of such board or by at least five per centum of the registered electors of the township.

"(C) At the first municipal election following the decree of the court providing for the election of two additional supervisors, one of such additional supervisors shall be elected for a term of four years and one shall be elected for a term of six years, each to serve from the first Monday of January next following his election. Thereafter, such additional supervisors shall be elected for terms of six years each to serve from the first Monday of January next following his election."

Previous to the Act of 1961, supra, the Second Class Township Code, sec. 402, provided simply for the election of three supervisors. Plaintiff contends that the Act of 1961, supra, offends article III, sec. 34, of the Pennsylvania Constitution. This section provides:

"The Legislature shall have the power to classify . . . townships according to population, and all laws passed relating to each class, . . . shall be deemed general legislation within the meaning of this constitution . . ."

Plaintiff concedes that the legislature may set up new classifications of townships according to population, but argues that it may not authorize different numbers of supervisors of a particular class of township, depending upon the population of the particular township.

This argument demonstrates a lack of understanding of our Constitution. Article III, sec. 7, provides that: "The General Assembly shall not pass any local or special law . . . regulating the affairs of . . . townships . . ." "That Section was adopted for a very simple and understandable purpose — to put an end to the flood of privileged legislation for particular localities and for private purposes which was common in 1873. The Section said what it meant. It was aimed at laws that were in the proper sense local and special": Haverford Township v. Siegle, 346 Pa. 1, 6 (1942).

Article III, sec. 34, of the Constitution, added by amendment adopted November 6, 1923, provides that

"The Legislature shall have power to classify . . . townships according to population, and all laws passed relating to each class . . . shall be deemed general legislation within the meaning of this Constitution . . ."

"The plain language of this constitutional amendment makes it clear that the legislature *may* classify municipalities according to population, and that laws for classes so provided shall be considered general for all purposes. . . . (The) purpose and effect (of this

Amendment) were not to contract, but to broaden, the latitude allowed in classification, and to eliminate the continuing controversy about such matters as the subjects on which classification by population was appropriate and the creation of classes containing only one member ... It cannot be supposed that a constitutional amendment adopted to broaden the latitude of the legislature in classification, was intended at the same time to prohibit necessary and reasonable exceptions of the subject matter in acts wholly general in scope": Haverford Township v. Siegle, supra, 8, 9, where an act providing for a police civil service commission for townships of the first class *employing more than a certain number of policemen* was adjudged constitutional.

We have found no decision or authority in Pennsylvania to support plaintiff's contention that the amendatory Act of 1961, supra, is unconstitutional. We conclude that the act is constitutional and that plaintiff's position is untenable.

We have considered the other contentions of plaintiff mentioned herein. Plaintiff has furnished no authority in support thereof, and it is unnecessary to lengthen this opinion and to dignify such contentions which are plainly without merit.

Defendants have not raised the preliminary objections that (1) plaintiff has an adequate remedy at law, and that (2) a court of equity will not take jurisdiction in a case in which a statute has been challenged, until the statute has been actually applied to plaintiff so as to impinge upon his rights, as to which see Knup v. Philadelphia, 386 Pa. 350 (1956).

Accordingly, we have considered and decided the case on the merits of the demurrer. The matter is ripe for the entry of a final decree.

And now, February 25, 1963, the preliminary objections in the nature of a demurrer are sustained. The complaint is dismissed and the prothonotary is ordered to enter a final decree for defendants.