In Re: Appointment of Additional Supervisors for North Strabane Township, Washington County, Pa., a Municipal Corporation. Henry Hervol and James T. Maggi, Board of Supervisors of North Strabane Township, Appellants.

In Re: Appointment of Additional Supervisors for North Strabane Township, Washington County, Pa., a Municipal Corporation. William V. Park and Frank C. Hughbanks, Appellants.

In Re: Election of Two Additional Supervisors for South Strabane Township. Billy H. Bell, William H. Orndoff and James L. Jeffers, Supervisors of South Strabane Township, Appellants.

In Re: Election of Two Additional Supervisors for South Strabane Township. Kenneth W. W. Ward and Adeline D. Ward, his wife, Appellants.

Argued October 27, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Sherman H. Siegel,* with him *George E. Anthou,* for appellants.

*Samuel S. Pangburn,* for appellees.

OPINION BY JUDGE WILKINSON, December 9, 1975:

These four cases grow out of two petitions filed in the court below, one for North Strabane Township and one for South Strabane Township to increase the number of supervisors in each Township from three to five. In the case of North Strabane Township, the petition had 300 signators and in South Strabane Township, the petition had 367 signators. In each case, the number of

signers is almost twice the number required by law. No challenge was made to the validity of the petitions.

Appellants raise only two questions. The first goes to the constitutionality of the Act of March 1, 1974, P.L. 111, which amended Section 402 of the Act of May 1, 1933, P.L. 103, 53 P.S. §65402(B), as follows:

"The court of common pleas upon petition may provide for the election of two additional supervisors in any township having a population of three thousand or more as determined by an official census taken by the Federal Government for any purpose or as determined by any other census which is certified by the County Planning Commission of said county or by the school district or districts in which said township is located. The petition shall be presented by the board of supervisors pursuant to a resolution of such board or by at least five per centum of the registered electors of the township."

The appellants would have us hold that this is an impermissible delegation of legislative power to the courts. The constitutionality of this particular Act has never been tested. However, essentially similar language has been passed upon and upheld in *Tredyffrin Township Supervisors Election*, 27 Pa. D. & C.2d 764 (1962), and in *Trinsey v. Montgomery County Board of Elections*, 31 Pa. D. & C.2d 397 (1963), and *Horsham Township Election*, 40 Pa. D. & C.2d 164 (1966). In *Horsham*, Judge DITTER treats at length the question of unconstitutional delegation of legislative power, and concludes that the Act necessarily implies that the court shall exercise its discretion by applying the standards of "public interest, justice and propriety." We agree with this line of cases with the caveat that in *Tredyffrin*, Judge GAWTHROP held that the court had no discretion. In this case, the court below granted the petition and, therefore, that question need not be decided.

The second question raised by appellants is that the action of the court below was arbitrary, an abuse of discretion, and not supported by the evidence. President Judge Sweet, writing for the unanimous three-judge court en banc, ably sets forth the reasons they had for approval. These reasons were not arbitrary and were supported by the more than ample record.

Affirmed.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. There is no provision in the act in question[1] for the determination of any fact or facts upon which the action of the court depends. There are no standards by which the court is to be guided. It is solely and exclusively a matter of discretion. The court alone determines the conditions under which it will exercise the discretionary power to enlarge or to refuse to enlarge the board of supervisors.

This discretionary power vested by the Act is legislative in character and therefore unconstitutional. As stated in *Holgate Bros. Co. v. Bashore,* 331 Pa. 255, 260, 200 A. 672, 675 (1938):

"Legislative power in Pennsylvania is vested solely in the General Assembly. Regardless of exigencies which at times arise or of how trying our economic or social conditions become, the powers and duties imposed by the Constitution upon the legislative branch of our government remain steadfast and neither the urgency of the necessity at hand nor the gravity of the situation allow the legislature to abdicate, transfer or delegate its authority or duty to another branch of the government. Our system of checks and balances in the government was wisely instituted by the framers of the Constitution for the

---

1. Act of March 1, 1974, P. L. 111, which amended the Act of May 1, 1933, P. L. 103, art. IV, §402, 53 P.S. §65402(B).

protection of all the people of the Commonwealth and has proved an effective method to prevent unwise, hasty and imprudent legislation. So effective has been this system of government no attempt has been made to amend that part of the Constitution and it remains the fundamental law of this Commonwealth.

"The legislature may, however, leave to administrative officers, boards and commissions, the duty to determine whether the facts exist to which the law is itself restricted. In all such occasions, nevertheless, the legislative body must surround such authority with definite standards, policies and limitations to which such administrative officers, boards or commissions, must strictly adhere and by which they are strictly governed. As said by Mr. Justice AGNEW, in Locke's Appeal, 72 Pa. 491, 498, 'Then, the true distinction, I conceive, is this: The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend.'"

Also, see the opinion of Judge, now Justice, EAGEN, *In re Dickson City Council*, 73 Pa. D. & C. 358 (1950).